**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Dao Health, a California Corporation | Civil Action No. 1:23-cv-04885 |
| Plaintiff, | PATENT CASE |
| v. | **JURY TRIAL DEMANDED** |
| Shenzhen Lutejiacheng Technology Co., Ltd., a/k/a Shenzhen Root E-Commerce Co., Ltd, a China Limited Company, | |
| Defendant. | |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

This is an action for patent infringement in which Plaintiff Dao Health ("Dao Health" or "Plaintiff") makes the following allegations against Defendant Shenzhen Lutejiacheng Technology Co., Ltd. a/k/a Shenzhen Root E-Commerce Co., Ltd, ("Shenzhen Lutejiacheng" or "Defendant") and alleges the following:

### BACKGROUND

1.      This Complaint asserts causes of action for infringement of the following United States Patents owned by Dao Health:  United States Patent Nos. 7,559,915 ("the '915 Patent") (Complaint Exhibit 1); 8,118,772 ("the '772 Patent") (Complaint Exhibit 2); and 8,702,646 ("the '646 Patent") (Complaint Exhibit 3) (collectively the "Asserted Patents").

### THE PARTIES

2.      Plaintiff Dao Health is a corporation organized and existing under the laws of California, USA, with its principal place of business at 1345 Easy Lane, El Dorado Hills, California 95762.

3.     Upon information and belief, Defendant Shenzhen Lutejiacheng is a limited liability company organized and existing under the laws of China, with its principal place of business at Rm 903, Jiangnan Bldg, No. 1 Bantian Ave. South, Ma'antang, Bantian St., Longgang Dist., Shenzhen China 518000. Upon information and belief, Shenzhen Lutejiacheng is doing business using its trade name Momcozy, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States, by manufacturing, importing into the United States, offering to sell and selling products that infringe Dao Health's Asserted Patents ("Infringing Products") over the Internet through Amazon.com and other merchant storefronts ("Merchant Stores"), and through distributors that are accessible to and have been used by customers and potential customers in this judicial district, in Illinois and throughout the United States.

## JURISDICTION AND VENUE

4.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant Shenzhen Lutejiacheng because Shenzhen Lutejiacheng has established minimum contacts with the state of Illinois and with this judicial district such that this venue is a fair and reasonable one. On information and belief, Shenzhen Lutejiacheng conducts substantial business in this forum, including (a) engaging in the infringing conduct alleged herein in Illinois and in this judicial district; (b) regularly and consistently doing and soliciting business in Illinois and in this judicial district; (c) engaging in other persistent courses of conduct such as providing customer service and warranty repairs in connection with its business operations in Illinois and in this judicial district; (d) deriving

2

substantial revenue by its offering of Infringing Products and services and providing Infringing Products to consumers in Illinois and in this judicial district; and (e) purposefully establishing substantial, systematic, and continuous contacts with the state of Illinois and with this judicial district such that it should reasonably expect to be subject to suit here in this judicial district.

6.     In the alternative, Federal Rule of Civil Procedure 4(k)(1)(A) confers personal jurisdiction over Shenzhen Lutejiacheng because, upon information and belief, Shenzhen Lutejiacheng regularly conducts, transacts, and/or solicits business in Illinois and in this judicial district; derives substantial revenue from its business transactions in Illinois and in this judicial district; and otherwise avails itself of the privileges and protection of the laws of the State of Illinois such that this Court's assertion of jurisdiction over Shenzhen Lutejiacheng does not offend traditional notions of fair play and due process. On information and belief, Shenzhen Lutejiacheng's unlawful infringing actions have caused and will continue to cause injury to Dao Health in Illinois and in this judicial district such that Shenzhen Lutejiacheng should reasonably expect such actions to have consequences in Illinois and in this judicial district.

7.     In addition, this Court may exercise personal jurisdiction over a foreign non-resident of the state in which the Court sits to the extent authorized by the state's laws. Fed. R. Civ. P. 4(f). Personal jurisdiction over Shenzhen Lutejiacheng is authorized pursuant to the Illinois Long-Arm Statute, 735 ILCS 5/2-209, which provides in pertinent part:

Sec.2-209. Act submitting to jurisdiction – Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts herein enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State.

8.     Upon information and belief, at all times relevant hereto, Shenzhen Lutejiacheng was and is systematically directing and/or targeting its business activities at consumers in Illinois, including in this judicial district, through its own online platform at https://www.momcozy.com/collections/breastfeeding?msclkid=c925ad6961aa1e6847c5c93e578ba625 (accessed June 12, 2023), via online marketplaces such as Amazon.com under the Seller IDs described in Schedule A, as well as any and all yet undiscovered accounts with Amazon or other Merchant Stores held by or associated with Shenzhen Lutejiacheng, its respective officers, employees, agents, servants and all persons in active concert or participation with Shenzhen Lutejiacheng ("User Accounts") as well as using its agents, retail partners, and distributors to reach consumers in the United States, including in Illinois and in this judicial district. Consumers can access and purchase one or more of Shenzhen Lutejiacheng's Infringing Products through Amazon.com and through ordering services located at retail stores in this judicial district, such as the Walmart Supercenter located at Olympia Fields, Illinois.

9.     Shenzhen Lutejiacheng, directly and through subsidiaries or intermediaries (including its agents, retail partners, and distributors) has purposefully and voluntarily placed its Infringing Products into this judicial district and into the stream of commerce with the intention and expectation that the Infringing Products will be purchased for use in Illinois and in this judicial district. Shenzhen Lutejiacheng has imported, offered for sale and sold, and continues to import, offer for sale and sell, Infringing Products for use in this judicial district. Shenzhen Lutejiacheng has intentionally targeted Illinois, and this judicial district, for its business activities, and has purposefully availed itself of the benefits of conducting business in Illinois such that it should

4

reasonably anticipate being subject to its laws and the jurisdiction of its courts. Shenzhen Lutejiacheng derives benefits from its presence in this judicial district, including, but not limited to, sales revenue and serving customers using its Infringing Products in this judicial district. Shenzhen Lutejiacheng is also aware that its unlawful infringing actions alleged herein are likely to cause injury to Dao Health in the United States, in Illinois and in this judicial district specifically, due to Shenzhen Lutejiacheng's substantial commercial activities in Illinois which give rise to Dao Health's infringement allegations herein.

10.     Venue is proper in this judicial district because, *inter alia*, pursuant to 28 U.S.C. §§ 1391(b) and (c)(3) and/or 28 U.S.C. § 1400(b), Shenzhen Lutejiacheng is not resident in the United States and thus may be sued in any judicial district, including this one.

## DAO HEALTH AND THE ASSERTED PATENTS

11.     The Asserted '915 and '772 Patents, each entitled "Breast Pump Device with Self-Contained Breast Milk Reservoir," issued on July 14, 2009 and February 21, 2012, respectively, and are assigned to Dao Health.  See: Complaint Exhibits 1 ('915 Patent) and 2 ('772 Patent). The Asserted '646 Patent, entitled "Submersible Valve for a Breast Milk Collection Device with Self-Contained Reservoir," issued on April 22, 2014, and is also assigned to Dao Health. See: Complaint Exhibit 3 ('646 Patent). Dao Health owns all rights, title and interest in and to the Asserted Patents, including the right to assert all causes of action under these patents and the right to any remedies for the infringement of the patents.

12.     Dao Health was founded by wife and husband team, Dr. Stella Dao and Dan Garbez, who sought to revolutionize traditional breast milk pumps which required breastfeeding mothers to undress and seclude themselves in a room while pumping breast milk for later use.  Dr. Dao, an emergency physician, co-invented the Freemie® breast milk collection system with her

5

husband shortly after the birth of their premature twins, inspired after learning firsthand how difficult it is to keep breastfeeding given the challenges attendant to the act of pumping itself, as well as those attributable to the environment, *i.e.*, multitasking while inside the home or outside the home in public or at an office or business setting.

13.     The Dao Health founders filed their first provisional patent application on their breast pump inventions on October 13, 2004 and brought the Freemie® breast milk collection system to market in 2009.

14.     Dr. Dao and Mr. Garbez created the Freemie® system so that moms will now have the choice to pump anywhere they choose because the milk collection devices are worn in a woman's bra, and can be put in place and used without having to undress. Being able to pump hands-free and concealed gives lactating moms more opportunities to pump when and where they want. Dao Health hoped that moms pumping in bathroom stalls or in a lactation room to express milk for their infants would become a thing of the past. Instead, a mom could choose to pump in a wide variety of environments, while at home with her other children, while at work, at a restaurant, or even while interacting with others face to face. Dr. Dao has stated that she conceived the system because of the demands of her job in the ER, and then developed it because as a physician she felt a responsibility to help moms that did not have the proper tools to succeed at breastfeeding. Dao Health hopes that the Freemie® system will revolutionize breast milk pumps and make a contribution to public health by empowering breastfeeding mothers with better tools that allow them the freedom to pump wherever and whenever they want.

15.     The Asserted Patents are directed to breast milk collection devices which are compact, ergonomic, and can fit discreetly within a woman's brassiere to allow for hands-free breast milk collection. '915 Patent, 1:13-16, 5:6-8; '772 Patent, 1:17-21, 8:27-29; '646 Patent, 1:5-

8. At a high level, the Dao Health patented inventions comprise a breast adaptor which is a funnel-shaped inlet coupled to a reservoir, wherein when the breast is inserted into the breast adaptor, the expressed breast milk flows or drips into the reservoir and is held there until the device is removed and emptied. '915 Patent, 5:12-16; '772 Patent, 8:34-40; '646 Patent, 1:64-66. Different embodiments of the invention are focused on varying details concerning components such as the reservoir, the breast adaptor, tubing, suction sources, and the valve assembly. '915 Patent, 5:16-19; '772 Patent, 8:40-53, '646 Patent, 1:54-2:12.

16.     To provide notice to the public that the Freemie® line of products is protected by patents, Dao Health has at all relevant times affixed the Asserted Patent number(s) to the packaging of Freemie® products.

**DEFENDANTS' MOMCOZY BREAST MILK COLLECTION PRODUCTS**

17.     Upon information and belief, since 2018, Defendant Shenzhen Lutejiacheng has continuously manufactured, imported into the United States, offered for sale and sold at least six (6) models of Infringing Products over Internet-based Merchant Stores, and through wholesale distributors and via ordering services at retail stores in this judicial district and throughout the United States. These six models of Infringing Products are:

1.     The Momcozy S9 Pro and S12 Pro Wearable Breast Pump;

2.     The Momcozy S9 and S12 Wearable Breast Pump;

3.     The Momcozy M1 All-in-One Wearable Breast Pump; and

4.     The Momcozy M5 Wearable Breast Pump.

**The Momcozy S9 Pro, S12 Pro, S9 and S12 Models**

18.     The Momcozy S9 Pro, S12 Pro, S9 and S12 each comprise a funnel shaped adaptor configured to receive a portion of a lactating woman's breast and a drip tube that receives the

7

nipple portion of the woman's breast. A reservoir having an interior volume is removably connected to, encloses and forms a single unit with the adaptor, with the interior volume of the reservoir receiving breast milk expressed from the woman's breast. The Momcozy S9 Pro and S12 Pro devices, including their reservoirs, are advertised and promoted by Defendant Shenzhen Lutejiacheng as designed to be supported by and to store milk in the reservoir within a brassiere worn by the woman.

19.     The Momcozy S9 Pro, S12 Pro, S9 and S12 also include a valve assembly between and surrounded by the adaptor and reservoir. The valve assembly alternately opens and closes a fluid passageway between the adaptor and the internal volume of the reservoir. The valve assembly also creates a reduced volume compared to the internal volume of the reservoir, the reduced volume communicating with the second end of the adaptor.

20.     The Momcozy S9 Pro, S12 Pro, S9 and S12 also include elements to isolate the fluid in the fluid passageway of the device from an alternating source of vacuum pressure and of pressure in excess of vacuum pressure ("alternating vacuum force") during operation. The valve assembly of each of these Momcozy devices includes a second volume, defined by the volume between a flexible bladder and a rigid bladder housing. The flexible bladder is located in the second volume formed by the chamber formed by the parts of the rigid housing. The second volume is less than the internal volume of the reservoir. The valve assembly also includes an opening (opening surrounded by rim of the rigid housing) that extends between the second volume and the source of alternating vacuum force provided by the flexible bladder. A duck bill valve alternately opens and closes communication between the adaptor and the reservoir.

21.     In each of the Momcozy S9 Pro, S12 Pro, S9 and S12, the hollow flexible bladder located in the second volume has an interior side that communicates with a source of alternating

8

vacuum pressure and pressure in excess of vacuum pressure. The hollow flexible bladder contracts in the second volume when vacuum pressure is applied to the interior of the hollow flexible bladder, which applies vacuum pressure to the second volume when the bladder contracts.

22.     The flexible bladders of the Momcozy S9 Pro, S12 Pro, S9 and S12 alternately apply vacuum force to the woman's breast to express milk from the breast while at the same time isolating the milk passageways of the device from the source of alternating vacuum force. Also, upon application of a pressure in excess of vacuum to the woman's nipple in the drip tube, the duck bill valve opens to permit milk to flow into the reservoir.

**The Momcozy M1 Model**

23.     Upon information and belief, Defendant Shenzhen Lutejiacheng also manufactures, markets, offers to sell, sells and imports Infringing Products under the model designation "M1." The M1 Infringing Product is offered to the market over Internet-based Amazon and other Merchant Stores, and through wholesale distributors and ordering services at retail stores in this judicial district and throughout the United States.

24.     The Momcozy M1 is a breast milk pumping and collection apparatus configured to fit within and supported by a lactating woman's brassiere. A source of alternating application and relief of vacuum force is lodged in a pump housing.

25.     A funnel shaped flange has a wide end for receiving a woman's breast, and a narrow end for receiving the nipple of the woman. A milk collector (reservoir) assembly includes a frontal flange that, with a rim-to-rim engagement, attaches the reservoir and a valve assembly to the funnel shaped flange. The drip tube extends into a hollow cylindrical portion of the valve assembly, and the distal end of the cylindrical portion is attached to a rigid barrier housing into which a hollow flexible barrier (silicone barrier) is inserted and sealed at its upper rim. The hollow interior portion

of the flexible barrier communicates with the source of alternating vacuum force in the housing, and the exterior surface of the flexible barrier communicates with the hollow cylindrical portion of the valve assembly. The exterior surface of the flexible barrier also communicates with the drip tube and the woman's nipple lodged in the drip tube.

26.     Adjacent the distal end of the hollow cylindrical portion of the valve assembly is a fluid path having a duck bill valve extending into the reservoir, the duck bill valve allowing the flow of expressed milk from the fluid path to be collected in the reservoir. The duck bill valve prevents the flow of milk from the reservoir back through the valve assembly.

27.     After the funnel shaped flange is inserted over the woman's breast and the nipple is located in the drip tube, the source of alternating vacuum force is activated, providing the alternating vacuum force to be applied to the hollow interior of the flexible barrier, causing the flexible barrier to alternately contract in the rigid housing during a negative pressure cycle and expanding towards its original shape during a pressure cycle where the vacuum is released. The alternative application of vacuum force is transmitted to the interior of the drip tube and to the woman's nipple, resulting in the expression of milk into the drip tube and to the flow path. During the cyclic release of vacuum force in the drip tube, milk in the flow path is transmitted through an aperture at the distal end of the drip tube and then forced through the duck bill valve into the reservoir. If there is any backflow of milk into the valve assembly, the flexible barrier and rigid barrier housing prevent the flow of milk into the pump located in the housing, thereby isolating the pump mechanism from the milk in the fluid path.

**The Momcozy M5 Model**

28.     Upon information and belief, Defendant Shenzhen Lutejiacheng also manufactures, sells, imports, markets, offers for sale and sells Infringing Products under the designation "M5."

The M5 Infringing Product is offered to the market over Internet-based Amazon and other Merchant Stores, as well as through Shenzhen Lutejiacheng's own website, https://momcozy.com/products/all-in-one-M5-wearable-breast-pump-painless-to-pump (accessed June 12, 2023) in this judicial district and throughout the United States.

29.     The Momcozy M5 is a hands-free breast milk pumping and collection device configured to fit within and supported by a lactating woman's brassiere. A source of alternating application and relief of vacuum pressure is located in a pump housing, and the housing is removably attached to a reservoir. A funnel shaped flange has a wide entrance for receiving a woman's breast and a narrow end for receiving a woman's nipple. The reservoir includes a frontal flange that attaches to the flange, the reservoir enclosing a valve assembly and a duck bill valve forming part of the valve assembly. A drip tube is formed at the narrow end of the flange, and the distal end of the drip tube includes a solid circular ring that forms part of a rigid barrier housing into which a flexible barrier is inserted. A flanged portion of the reservoir forms a second part of the rigid barrier housing. The flexible barrier is disposed adjacent an opening at the end of the drip tube. The flexible barrier is located between the first and second parts of the rigid barrier housing. One surface of the flexible barrier communicates with the drip tube, the duck bill valve and the woman's nipple extending into the drip tube. A second surface of the flexible barrier communicates with the source of alternating application and relief of vacuum pressure through a tube communicating between the source of alternating application and relief of vacuum pressure and the second surface of the flexible barrier.

## COUNT ONE

## INFRINGEMENT OF THE '915 PATENT

30.     Plaintiff repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

31.     On July 14, 2009, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '915 Patent entitled "Breast Pump Device with Self-Contained Breast Milk Reservoir." A true and correct copy of the '915 Patent is attached as Complaint Exhibit 1.

32.     Plaintiff Dao Health owns all rights, title and interest in and to the '915 Patent, including the right to assert all causes of action under the '915 Patent and the right to any remedies for infringement of the '915 Patent.

33.     The '915 Patent generally relates to a compact and hands-free human breast milk collection device that fits into and is supported by a mother's existing or nursing brassiere. The milk collection device is configured to be attached to an alternating vacuum force pump, and the expressed milk is collected in a reservoir where the reservoir is also disposed in and supported by the mother's brassiere.

34.     By way of a non-limiting example, claims 11 and 16 of the '915 Patent recite:

11.  A breast milk collection device, comprising:

a funnel shaped breast adaptor, said breast adaptor adapted to receive a woman's breast therein;

a reservoir, said reservoir having an internal volume, said internal volume adapted to receive and store breast milk produced from said woman's breast seated in said breast adaptor;

said breast adaptor and said reservoir forming a single unit adapted to fit within said woman's brassiere; and

said internal volume adapted to communicate with an external suction source, said external suction source adapted to cyclically provide suction force to said internal volume of said reservoir and relieving and suction force in the internal volume of said reservoir.

16.     A breast milk collection device, comprising:

a funnel having a wide end adapted to receive a woman's beast therein and a narrow end opposite said receiving end, said narrow end tapering into a non-collapsible drip tube, said drip tube extending forwardly from said narrow end, said drip tube terminating at its distal end, said distal end having an aperture, said drip tube capable of resisting collapse under the force of negative suction pressure;

a reservoir enclosing said funnel therein to form a single unit with said funnel, wherein an internal volume of said reservoir is adapted to receive breast milk through said aperture of said drip tube;

a reduced volume within said reservoir, said reduced volume adapted to be detachably connected to an external suction source, said reduced volume formed within said drip tube, said suction source adapted to cyclically apply a vacuum pressure to said reduced volume and relieve said vacuum pressure in said reduced volume;

said cyclical application and relief of said vacuum pressure adapted to encourage the expression of breast milk from said breast; said cyclical relieving of said vacuum pressure in said reduced volume adapted to allow the capture and collection of said breast milk in said reservoir; and

a valve attached to said distal end of said drip tube, said valve closing off said aperture and creating said reduced volume within said drip tube, said reduced volume cyclically becoming a high negative pressure zone upon introducing the external source of suction to said reduced

volume, said high negative pressure zone adapted to encourage the expression of breast milk from said woman's breast.

35.     Defendant Shenzhen Lutejiacheng has directly infringed and continues to directly infringe, literally and/or under the Doctrine of Equivalents, one or more claims, including at least claims 11 and 16 of the '915 Patent, in violation of 35 U.S.C. § 271(a). By way of non-limiting example, Defendant Shenzhen Lutejiacheng has and continues to, without authorization, make, offer for sale, sell and import all six models of the Momcozy breast milk collection devices (the "'915 Accused Devices") that are described in and infringe at least claims 11 and 16 of the '915 Patent.

36.     The Momcozy '915 Accused Devices satisfy all claim limitations of the asserted claims of the '915 Patent, including at least claims 11 and 16.

37.     By way of a non-limiting example, Defendant's Momcozy '915 Accused Devices are adapted to be secured in and supported by an ordinary or nursing brassiere worn by a lactating woman as described in claim 11 of the '915 patent.

38.     The Momcozy '915 Accused Devices each include a funnel shaped breast adaptor adapted to receive a woman's breast in the adaptor, and a reservoir having an internal volume, the internal volume adapted to receive and store breast milk produced from the woman's breast seated in the breast adaptor.

39.     Also, each of the Momcozy '915 Accused Devices' breast adaptors and reservoirs form a single unit adapted to fit within the woman's brassiere.

40.     Further, the internal volumes of the reservoirs of the Momcozy '915 Accused Devices are adapted to communicate with an external suction source, where the external suction source is adapted to cyclically provide suction force to the internal volume of the reservoir and

relieve the suction force in the internal volume of the reservoir, as described in claim 11 of the '915 Patent.

41.     Additionally, the Momcozy '915 Accused Devices of Defendant Shenzhen Lutejiacheng directly infringe, literally and/or under the Doctrine of Equivalents at least claim 16 of the '915 Patent, in violation of 35 U.S.C. § 271(a). For example, Defendant Shenzhen Lutejiacheng has and continues, without authorization, to make, offer for sale, sell and import breast milk collection devices sold under the Momcozy brand that are described in and infringe claim 16 of the '915 Patent.

42.     The Momcozy '915 Accused Devices satisfy all claim limitations of claim 16 of the '915 Patent.

43.     By way of a non-limiting example, Defendant's Momcozy '915 Accused Devices each comprise a funnel having a wide end for receiving a woman's breast and a narrow end opposite the receiving end, the narrow end tapering into a non-collapsible drip tube, the drip tube extending forwardly from the narrow end, the drip tube terminating at its distal end, the distal end having an aperture, the drip tube capable of resisting collapse under the force of negative suction pressure, as described in claim 16 of the '915 Patent.

44.     Further, the Momcozy '915 Accused Devices include a reservoir enclosing the funnel to form a single unit with the funnel, wherein an internal volume of the reservoir receives breast milk through the aperture of the drip tube.

45.     Additionally, the Momcozy '915 Accused Devices comprise a reduced volume within the reservoir, the reduced volume detachably connected to an external suction source, the reduced volume formed within the drip tube, the suction force cyclically applying a vacuum pressure to the reduced volume and relieve the vacuum pressure in the reduced volume.

46. The Momcozy '915 Accused Devices also include the cyclical application and relief of the vacuum pressure encouraging the expression of breast milk from the breast, the cyclical relieving of the vacuum pressure in the reduced volume allowing the capture and collection of breast milk in the reservoir.

47. Finally, the Momcozy '915 Accused Devices include a valve attached to the distal end of the drip tube, the valve closing off the aperture and creating the reduced volume within the drip tube, the reduced volume cyclically becoming a high negative pressure zone upon introducing the external source of suction to the reduced volume, the high negative pressure zone encouraging the expression of breast milk from the woman's breast, as described in claim 16 of the '915 Patent.

48. Defendant Shenzhen Lutejiacheng's acts of infringement of the '915 Patent have caused and continue to cause damage to Plaintiff Dao Health, and Dao Health is entitled to recover from Defendant the damages it has sustained as a result of those wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty, lost profits, and/or a lump sum through the expiration date of the '915 patent, for the unauthorized use made of the invention described and claimed in the '915 Patent, together with interest and costs as fixed by the Court.

49. Defendant Shenzhen Lutejiacheng has undertaken these acts of infringement despite knowledge that such actions infringe at least claims 11 and 16 of the '915 patent. Accordingly, since receiving notice of the '915 Patent, Shenzhen Lutejiacheng has willfully infringed and continues to willfully infringe at least claims 11 and 16 of the '915 patent.

## COUNT TWO

## INFRINGEMENT OF THE '772 PATENT

50. Plaintiff Dao Health repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

16

51.     On February 21, 2012, the USPTO duly and legally issued the '772 Patent entitled "Breast Pump Device with Self-Contained Breast Milk Reservoir." A true and correct copy of the '772 Patent is attached as Complaint Exhibit 2.

52.     Plaintiff Dao Health owns all rights, title, and interest in and to the '772 Patent, including the right to assert all causes of action for infringement of the '772 Patent and the right to any remedies for infringement of the '772 Patent.

53.     The '772 Patent generally relates to a hands-free human breast milk collection device that fits into a lactating mother's existing nursing or standard brassiere. The breast milk collection device of the '772 Patent also includes a flexible bladder that isolates a source of alternating vacuum force from the milk flowing in a fluid passageway formed in the milk collection device. The claims of the '772 Patent, including claims 1 and 31, recite novel and inventive structure and functions to express milk from a lactating mother's breast, to store the expressed milk in a reservoir supported by the mother's brassiere, and to prevent the milk from back flowing into the source of alternating vacuum force.

54.     By way of a non-limiting example, claims 1 and 31 of the '772 Patent recite:

1.  A breast milk collection device comprising:

    a breast adaptor having a first receiving end adapted to fittingly and sealingly receive at least a portion of a woman's breast, the adaptor having a second end opposite the first end, the second end including a first aperture adapted to receive a nipple portion of the breast;

    a reservoir coupled with and enclosing the adaptor to form a single unit with the adaptor, an interior volume of the reservoir adapted to receive breast milk produced from the woman's breast in said breast adaptor through the first aperture of the second end of the adaptor, the interior volume

of the reservoir adapted to store the milk within a brassiere worn by a woman, the reservoir adapted to be supported by the brassiere;

a valve assembly disposed between and surrounded by the adaptor and the reservoir, the valve assembly alternately opening and closing fluid communication between the adaptor and the reservoir, and

the valve assembly creating a reduced volume in communication with said second end of said adapter, said reduced volume being less than said interior volume of said reservoir.

31. The device of claim 1 wherein a second volume is formed in said valve assembly,

said valve assembly including an opening extending between a source of vacuum pressure and said second volume;

said second volume being less than said interior volume of said reservoir;

said valve assembly including a valve alternately opening and closing communication between said adaptor and said reservoir;

a hollow flexible bladder located in said second volume, the interior of said hollow flexible bladder in sealing communication with a source of alternating vacuum pressure and pressure in excess of vacuum pressure, said hollow flexible bladder contracting in said second volume when vacuum pressure is applied to the interior of said hollow flexible bladder, said vacuum pressure being applied in said second volume when said bladder contracts.

55. Defendant Shenzhen Lutejiacheng has directly infringed and continues to directly infringe, literally and/or under the Doctrine of Equivalents, one or more claims, including at least claims 1 and 31 of the '772 Patent in violation of 35 U.S.C. § 271(a). By way of a non-limiting example, Defendant has and is, without authorization, made, offered for sale, sold and caused to be imported its Momcozy brand Infringing Products (the "'772 Accused Devices"), the structures

18

and functions of which express and collect breast milk from a nursing mother as described in at least claims 1 and 31 of the '772 Patent.

56.     The '772 Accused Devices satisfy all claim limitations of at least claims 1 and 31 of the '772 Patent.

57.     By way of a non-limiting example, the six models of '772 Accused Devices are breast milk collection devices comprising a breast adaptor with a first receiving end adapted to fittingly and sealingly receive at least a portion of a woman's breast, the adaptor having a second end opposite the first end, the second end including a first aperture adapted to receive a nipple portion of the breast.

58.     Further, the '772 Accused Devices comprise a reservoir coupled with and enclosing the adaptor to form a single unit with the adaptor, an interior volume of the reservoir adapted to receive breast milk produced from the woman's breast in the breast adaptor through the first aperture of the second end of the adaptor. The interior volume of the reservoir is adapted to store the milk within a brassiere worn by a woman, and the reservoir is adapted to be supported by the woman's brassiere.

59.     In addition, the '772 Accused Devices each include a valve assembly disposed between and surrounded by the adaptor and the reservoir, the valve assembly alternately opening and closing fluid communication between the adaptor and the reservoir.

60.     Further, the valve assembly in each of the '772 Accused Devices creates a reduced volume that communicates with the second end of the adaptor, the reduced volume being less than the interior volume of the reservoir.

61.    In addition, each of the '772 Accused Devices includes a second volume formed in the valve assembly, and the valve assembly includes an opening extending between a source of vacuum pressure and the second volume.

62.    Further, in each of the '772 Accused Devices, the second volume is less than the interior volume of the reservoir, and the valve assembly includes a valve alternately opening and closing communication between the adaptor and the reservoir.

63.    The '772 Accused Devices also each include a hollow flexible bladder located in the second volume, the interior of the hollow flexible bladder in sealing communication with a source of alternating vacuum pressure and pressure in excess of vacuum pressure, the hollow flexible bladder contracting in the second volume when vacuum pressure is applied to the interior of the hollow flexible bladder, the vacuum pressure being applied in the second volume when the bladder contracts.

64.    Defendant Shenzhen Lutejiacheng has made, offered for sale, imported and sold '772 Accused Devices that infringe at least claims 1 and 31 of the '772 Patent, and Defendant continues such acts of infringement to the present.

65.    Defendant Shenzhen Lutejiacheng's acts of infringement have caused and continue to cause damage to Dao Health, and Dao health is entitled to recover from Defendant the damages Dao Health has sustained as a result of those wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty, lost profits, and/or a lump sum through the expiration of the '772 patent, for the use made of the invention described and claimed in the '772 Patent, together with interest and costs as fixed by the Court.

66.    Defendant Shenzhen Lutejiacheng has undertaken these acts of infringement despite knowing that such actions infringe at least claims 1 and 31 of the '772 patent. Accordingly,

20

since receiving notice of the '772 Patent, Shenzhen Lutejiacheng has willfully infringed and continues to willfully infringe at least claims 1 and 31 of the '772 patent.

## COUNT THREE

## INFRINGEMENT OF THE '646 PATENT

67.     Plaintiff Dao Health repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

68.     On April 22, 2014, the USPTO duly and legally issued the '646 Patent entitled "Submersible Valve for a Breast Milk Collection Device with Self-Contained Reservoir." A true and correct copy of the '646 Patent is attached as Complaint Exhibit 3.

69.     Plaintiff Dao Health owns all rights, title, and interest in and to the '646 Patent, including the right to assert all causes of action for infringement of the '646 Patent and the right to any remedies for infringement of the '646 Patent.

70.     The '646 Patent generally relates to a compact and hands-free human breast milk collection device that fits into and is supported by a lactating mother's existing nursing or standard brassiere. The breast milk collection device of the '646 Patent is configured to be attached to an alternating vacuum force pump, and the expressed milk is collected in a reservoir where the reservoir is also disposed in and supported by the mother's brassiere. A valve assembly extends in the reservoir and prevents milk from back flowing into the breast adaptor.

71.     By way of a non-limiting example, claim 1 of the '646 Patent recites:

1. A breast milk collection device, comprising:

    a funnel having a wide end adapted to receive a woman's breast therein and a narrow end opposite said receiving end, said narrow end forming a drip tube, said drip tube extending forwardly from said narrow end;

a distal end of said drip tube having an aperture adjacent the distal end;

a reservoir enclosing said funnel to form a single unit with said funnel, an internal volume of said reservoir adapted to receive breast milk through said aperture of said drip tube;

cyclical application and relief of said vacuum pressure adapted to encourage the expression of breast milk from said breast;

said cycle portion relieving said vacuum pressure adapted to allow the capture and collection of said breast milk in said reservoir;

a valve assembly in communication with said aperture in said distal end of said drip tube:

said valve assembly including a valve element extending into said reservoir, said valve element adapted to be submerged in said breast milk when the level of said milk reaches and exceeds the position of said valve element in said reservoir, said valve element closing under the force of fluid pressure exerted by the milk on the valve element;

said valve assembly includes a sleeve removably mounted over said drip tube:

said sleeve having a second aperture that aligns with said aperture in said drip tube when said sleeve is mounted on said drip tube; and

said aperture in said drip tube and said second aperture in said sleeve communicating between said drip tube and said valve element.

72.     Defendant Shenzhen Lutejiacheng has directly infringed and continues to directly infringe, literally and/or under the Doctrine of Equivalents, one or more claims, including at least claim 1 of the '646 patent, in violation of 35 U.S.C. § 271(a). By way of a non-limiting example, Defendant Shenzhen Lutejiacheng has and continues to, without authorization, make, offer for sale, sell and import all six models of the Momcozy breast milk collection devices (the "'646 Accused Devices") that are described in and infringe at least claim 1 of the '646 patent.

73.     The Momcozy '646 Accused Devices each satisfy all claim limitations of the asserted claims of the '646 Patent.

74.     By way of a non-limiting example, each of the Momcozy '646 Accused Devices are breast milk collection devices comprising a funnel having a wide end adapted to receive a woman's breast and a narrow end opposite the receiving end, the narrow end forming a drip tube, the drip tube extending forward from the narrow end, the distal end of the drip tube including an aperture adjacent the distal end, as described in claim 1 of the '646 Patent.

75.     Also, each of the Momcozy '646 Accused Devices include a reservoir enclosing the funnel to form a single unit with the funnel, an internal volume of the reservoir receiving breast milk through the aperture in the drip tube.

76.     Each of the Momcozy '646 Accused Devices provide the cyclical application and relief of vacuum pressure that encourages the expression of breast milk from the breast, the cycle portion relieving vacuum pressure to allow the capture and collection of breast milk in the reservoir.

77.     The Momcozy '646 Accused Devices each also comprise a valve assembly including a valve element extending into the reservoir, the valve element becoming submerged in the breast milk when the milk level reaches and exceeds the position of the valve element in the reservoir, the valve element closing under the force of fluid pressure exerted by the milk on the valve element, as described in the '646 Patent.

78.     Additionally, each of the Momcozy '646 Accused Devices are configured with the valve assembly including a sleeve removably mounted to the drip tube, with the sleeve having a second aperture that aligns with the aperture in the drip tube, the drip tube aperture and the second aperture in the sleeve communicating between the drip tube and the valve element.

79.     Defendant Shenzhen Lutejiacheng's acts of infringement of the '646 Patent have caused and continue to cause damage to Plaintiff Dao Health, and Dao Health is entitled to recover from Defendant the damages it has sustained as a result of those wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty, lost profits, and/or a lump sum through the expiration date of the '646 Patent, for the unauthorized use of the invention described and claimed in the '646 Patent, together with interest and costs as fixed by the Court.

80.     Defendant Shenzhen Lutejiacheng has undertaken these acts of infringement despite knowing that such actions infringe at least claim 1 of the '646 Patent. Accordingly, since receiving notice of the '646 Patent, Defendant has willfully infringed and continues to willfully infringe at least claim 1 of the '646 Patent.

## DEMAND FOR A JURY TRIAL

81.     Plaintiff Dao Health hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## FEES AND COSTS

82.     To the extent that Defendant's willful and deliberate infringement or litigation conduct supports a finding that this is an "exceptional case," an award of attorney's fees and costs to Plaintiff Dao Health is justified pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Dao Health prays for relief against Defendant Shenzhen Lutejiacheng as follows:

a.     Declaring that Defendant has infringed the Asserted Patents;

b.     Awarding Plaintiff Dao Health damages arising out of this infringement of the Asserted Patents, including enhanced damages pursuant to 35 U.S.C. §284, and prejudgment and post-judgment interest, in an amount according to proof;

c.     Awarding on-going royalties to Dao Health;

d.     Awarding Plaintiff Dao Health's costs and attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e.     Awarding to Plaintiff Dao Health such other costs and further relief as the Court deems just and proper.

Dated: July 26, 2023                    Respectfully submitted,


_____

Howard B. Rockman
Illinois ARDC #2361051
Rockman, Videbeck & O'Connor
1s376 Summit Avenue, Court C
Oakbrook Terrace, IL 60181
Ph. 630-627-4552
Email: rockman@rvoiplaw.com


_____

Yanling Jiang
Illinois ARDC #6309336
JiangIP
33 West Jackson Blvd.
Chicago, IL 60604
Ph. 630-733-9483
Email: yanling@jiangip.com

Attorneys for Plaintiff Dao Health