IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAO HEALTH, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN LUTEJIANCHENG TECHNOLOGY CO., LTD., a/k/a SHENZHEN ROOT E-COMMERCE CO., LTD., a China Limited Company,<br><br>Defendant. | Civil Action No. 1:23-cv-04885<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF DAO HEALTH'S ANSWER TO DEFENDANT SHENZHEN LUTEJIACHENG TECHNOLOGY CO., LTD.'S COUNTERCLAIMS**

Plaintiff DAO Health ("Plaintiff") by and through its undersigned attorneys, submits its below enumerated Answers in response to the Counterclaims filed by Shenzhen Lutejiancheng Technology Co., Ltd. ("Defendant") on March 22, 2024. Any and all allegations in Defendant's Counterclaims not expressly admitted in these Answers are denied.

**GENERAL DENIAL**

Each of the paragraphs below correspond to the same-numbered paragraphs in the Counterclaims. Plaintiff denies all allegations in Defendant's Counterclaims except for those specifically admitted below. With respect to the allegations made in Defendant's Counterclaims, Plaintiff responds as follows:

**THE PARTIES**

1. Root Technology is a company incorporated under the laws of China, with its principal place of business at 2F2-201, Shenzhou Computer Building, Julifuren Blvd, Bantian Street, Longgang District, Shenzhen, China.

   **ANSWER**: Admitted.

1

2. On information and belief, Dao Health is a corporation organized and existing under the laws of California, with its principal place of business at 1345 Easy Lane, El Dorado Hills, California 95762.

   **ANSWER**: Admitted

   ## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and 35 U.S.C. § 1 *et seq*.

   **ANSWER**:  Admitted

4. Dao Health has availed itself of this forum in this action and is therefore subject to personal jurisdiction in this district.

   **ANSWER**:  Admitted

5. Venue is proper in this judicial district under §§ 1391 and 1400, and as a result of Dao Health's choice of forum in filing this action.

   **ANSWER**:  Admitted

   ## FACTUAL BACKGROUND

6. Root Technology, selling products under the tradename Momcozy, is a leader in the maternity and infant-care product fields. The vast majority of Momcozy's sales are made through the Amazon.com marketplace where it has been a leading seller in the "Breast Pump" and "Electric Breast Pump" product categories and the top brand in the "baby" category. Since entering the marketplace in early 2019, Momcozy has been extraordinarily successful—its sales have at least doubled each year. The marketplace success of the Momcozy breast pumps reflects mothers' recognition of the quality, comfort and value of Momcozy's innovative designs.

   **ANSWER**:  Plaintiff admits that Defendant Root Technology sells products under the tradename Momcozy in the maternity and infant-care product fields, and that the majority of Defendant's Momcozy sales are made through the Amazon.com marketplace in the "Breast Pump," "Electric Breast Pump," and "Baby" product categories. Plaintiff also

2

admits that Defendant entered the marketplace for its Momcozy products in early 2019. Plaintiff has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Counterclaims, and therefore denies the same.

7. Momcozy's flagship product is the S12 Pro breast pump, which has an innovative design that helps mothers pump more efficiently and comfortably. Within months of its launch on November 8, 2022, the S12 Pro became the number one seller in the electric breast pump category on Amazon.com. The S12 Pro has a greater than 4-star average customer rating on Amazon.com.

   **ANSWER**: Plaintiff admits that Defendant has sold breast pump products designated as the S12Pro Breast Pump since at least as early as November 8, 2022, along with several other breast pump products identified in Paragraph 17 of Plaintiff's First Amended Complaint at Dkt. 49. Plaintiff has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Counterclaims, and therefore denies the same.

## COUNT ONE

### DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,559,915

8. Root Technology realleges and incorporates by reference each preceding Paragraph of this counterclaim as if fully set forth herein.

   **ANSWER**: Plaintiff repeats and incorporates by reference its answer to each preceding Paragraph of the Counterclaims as if fully set forth herein.

9. Root Technology has not infringed any valid and enforceable claim of the '915 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 9 of the Counterclaims.

10. This counterclaim arises from an actual and justiciable controversy between Root Technology and Dao Health as to the alleged infringement of the '915 Patent. Dao Health

has brought suit against Root Technology, alleging that Root Technology infringes the '915 Patent, as reflected in the First Amended Complaint.

**ANSWER**: Plaintiff admits the allegations of Paragraph 10 of the Counterclaims.

11. Root Technology is entitled to a declaration by the Court that Root Technology does not infringe any valid and enforceable claim of the '915 Patent.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 11 of the Counterclaims.

12. Root Technology is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 12 of the Counterclaims.

## COUNT TWO

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,559,915

13. Root Technology realleges and incorporates by reference each preceding Paragraph of this counterclaim as if fully set forth herein.

   **ANSWER**: Plaintiff repeats and incorporates by reference its answer to each preceding Paragraph of the Counterclaims as if fully set forth herein.

14. The '915 Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 14 of the Counterclaims.

15. This counterclaim arises from an actual and justiciable controversy between Root Technology and Dao Health as the alleged infringement of the '915 Patent. Dao Health has brought suit against Root Technology, alleging that Root Technology infringes the '915 Patent, as reflected in the First Amended Complaint.

   **ANSWER**: Plaintiff admits the allegations of Paragraph 15 of the Counterclaims.

16. Root Technology is entitled to a declaration by the Court that the '915 Patent is invalid.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 16 of the Counterclaims.

17. Root Technology is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 17 of the Counterclaims.

## COUNT THREE

### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,118,772

18. Root Technology realleges and incorporates by reference each preceding paragraph of this counterclaim as if fully set forth herein.

   **ANSWER**: Plaintiff repeats and incorporates by reference its answer to each preceding Paragraph of the Counterclaims as if fully set forth herein.

19. Root Technology has not infringed any valid and enforceable claim of the '772 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 19 of the Counterclaims.

20. This counterclaim arises from an actual and justiciable controversy between Root Technology and Dao Health as to the alleged infringement of the '772 Patent. Dao Health has brought suit against Root Technology, alleging that Root Technology infringes the '772 Patent, as reflected in the First Amended Complaint.

   **ANSWER**: Plaintiff admits the allegations of Paragraph 20 of the Counterclaims.

21. Root Technology is entitled to a declaration by the Court that Root Technology does not infringe any valid and enforceable claim of the '772 Patent.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 21 of the Counterclaims.
22. Root Technology is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

   **ANSWER**: Plaintiff denies the allegations of Paragraph 22 of the Counterclaims.

## COUNT FOUR

### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,118,772

23. Root Technology realleges and incorporates by reference each preceding paragraph of this counterclaim as if fully set forth herein.

**ANSWER**: Plaintiff repeats and incorporates by reference its answer to each preceding Paragraph of the Counterclaims as if fully set forth herein.

24. The '772 Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

    **ANSWER**: Plaintiff denies the allegations of Paragraph 24 of the Counterclaims.

25. This counterclaim arises from an actual and justiciable controversy between Root Technology and Dao Health as the alleged infringement of the '772 Patent. Dao Health has brought suit against Root Technology, alleging that Root Technology infringes the '772 Patent, as reflected in the First Amended Complaint.

    **ANSWER**: Plaintiff admits the allegations of Paragraph 25 of the Counterclaims.

26. Root Technology is entitled to a declaration by the Court that the '772 Patent is invalid.

    **ANSWER**: Plaintiff denies the allegations of Paragraph 26 of the Counterclaims.

27. Root Technology is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

    **ANSWER**: Plaintiff denies the allegations of Paragraph 27 of the Counterclaims.

## COUNT FIVE

### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,702,646

28. Root Technology realleges and incorporates by reference each preceding paragraph of this counterclaim as if fully set forth herein.

    **ANSWER**: Plaintiff repeats and incorporates by reference its answers to each preceding Paragraph of the Counterclaims as if fully set forth herein.

29. Root Technology has not infringed any valid and enforceable claim of the '646 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

    **ANSWER**: Plaintiff denies the allegations of Paragraph 29 of the Counterclaims.

30. This counterclaim arises from an actual and justiciable controversy between Root Technology and Dao Health as to the alleged infringement of the '646 Patent. Dao Health has brought suit against Root Technology, alleging that Root Technology infringes the '646 Patent, as reflected in the First Amended Complaint.

    **ANSWER**: Plaintiff admits the allegations of Paragraph 30 of the Counterclaims.

31. Root Technology is entitled to a declaration by the Court that Root Technology does not infringe any valid and enforceable claim of the '646 Patent.

    **ANSWER**: Plaintiff denies the allegations of Paragraph 31 of the Counterclaims.

32. Root Technology is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

    **ANSWER**: Plaintiff denies the allegations of Paragraph 32 of the Counterclaims.

## COUNT SIX

### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,702,646

33. Root Technology realleges and incorporates by reference each preceding paragraphs of this counterclaim as if fully set forth herein.

    **ANSWER**: Plaintiff repeats and incorporates by reference its answer to each preceding Paragraph of the Counterclaims as if fully set forth herein.

34. The '646 Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

    **ANSWER**: Plaintiff denies the allegations of Paragraph 34 of the Counterclaims.

35. This counterclaim arises from an actual and justiciable controversy between Root Technology and Dao Health as the alleged infringement of the '646 Patent. Dao has brought suit against Root Technology, alleging that Root Technology infringes the '646 Patent, as reflected in the First Amended Complaint.

    **ANSWER**: Plaintiff admits the allegations of Paragraph 35 of the Counterclaims.

36. Root Technology is entitled to a declaration by the Court that the '646 Patent is invalid.

**ANSWER**:  Plaintiff denies the allegations of Paragraph 36 of the Counterclaims.

37. Root Technology is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER**:  Plaintiff denies the allegations of Paragraph 37 of the Counterclaims.

## PRAYER FOR RELIEF

Defendant's Prayer for Relief asserted with its Counterclaim does not require a response. Plaintiff denies that Defendant is entitled to its requested relief, or any further relief, and therefore denies the entirety of Paragraphs A to G of Defendant's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Defendant's demand for a jury trial includes no factual allegations, and no response is required.

## DAO HEALTH'S DEFENSES TO ELVIE'S COUNTERCLAIMS

### Failure to State a Claim

38. The Counterclaims fail to state a claim upon which a declaratory judgment of noninfringement or invalidity can be granted.

### Waiver

39. Defendant has waived the right, if any, to pursue its claims by reason of its own actions and course of conduct, including but not limited to the doctrines of waiver, laches, estoppel and unclean hands.

### Infringement

40. Defendant has infringed and continues to infringe the '915, '772, and '646 Patents as described in Dao Health's First Amended Complaint for Patent Infringement (Dkt. 49).

41. Defendant has been and is inducing infringement of the '915, '772, and '646 Patents as

described in Dao Health's First Amended Complaint for Patent Infringement (Dkt. 49).

**Validity**

42. The '915, '772, and '646 Patents are not invalid.

Date: April 5, 2024

Respectfully submitted,

By: /s/ Meng Xi
   Meng Xi
     Texas State Bar No. 24132850
     mxi@susmangodfrey.com
   Shawn Blackburn
     Texas State Bar No. 24089989
     sblackburn@susmangodfrey.com
   Bryce T. Barcelo
     Texas State Bar No. 24092081
     bbarcelo@susmangodfrey.com
   **SUSMAN GODFREY LLP**
     1000 Louisiana Street, Suite 5100
     Houston, TX 77002
     Telephone: (713) 651-9366
     Facsimile: (713) 654-6666

   Tanner Laiche
     Washington State Bar No. 60450
     tlaiche@susmangodfrey.com
   **SUSMAN GODFREY LLP**
     401 Union Street, Suite 3000
     Seattle, WA 98101
     Telephone: (206) 505-3816
     Facsimile: (206) 516-3883

   Howard B. Rockman
     Illinois ARDC No. 2361051
     rockman@rvoiplaw.com
   **ROCKMAN, VIDEBECK & O'CONNOR, LLC**
     1s376 Summit Ave., Court C
     Oakbrook Terrace, Illinois 60181
     Telephone: (630) 627-4552
     Facsimile: (630) 627-2145

        Yanling Jiang
          Illinois ARDC No. 6309336
          yanling@jiangip.com
        Yi Bu
          Illinois ARDC No. 6328713
        **JIANGIP LLC**
          33 West Jackson Blvd.
          Chicago, Illinois 60604
          Telephone: (630) 733-9483

        *Attorneys for Plaintiff and Counter-Defendant Dao Health*