UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAO HEALTH, a California Corporation,<br><br>Plaintiff,<br>vs.<br><br>SHENZHEN LUTEJIANCHENG TECHNOLOGY CO., LTD., a/k/a SHENZHEN ROOT E-COMMERCE CO., LTD., a China Limited Company,<br><br>Defendant. | Case No. 1:23-cv-04885<br><br>**JURY TRIAL DEMANDED** |

**JOINT STIPULATION FOR ENTRY OF AGREED E-DISCOVERY ORDER**

Plaintiff Dao Health and Defendant Shenzhen Lutejiacheng Technology. Co., Ltd., by and through their undersigned attorneys, hereby jointly agree and stipulate to the below proposed E-Discovery Order attached hereto as Exhibit A.

Date: June 24, 2024

Respectfully submitted,

By: */s/ Meng Xi*
Meng Xi
Texas State Bar No. 24132850
mxi@susmangodfrey.com
Shawn Blackburn
Texas State Bar No. 24089989
sblackburn@susmangodfrey.com
Bryce T. Barcelo
Texas State Bar No. 24092081
bbarcelo@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

By: */s/ Steven H. Sklar*
Steven H. Sklar
Gregory C. Bays
Pei Raymond Chen, Ph.D.
 (*pro hac vice* forthcoming)
**LEYDIG, VOIT & MAYER, LTD.**
ssklar@leydig.com
gbays@leydig.com
rchen@leydig.com
Two Prudential Plaza
180 N Stetson Ave, Suite 4900
Chicago, IL 60601-6731
Telephone: (312) 616-5600
Facsimile: (312) 616-5700

*Attorneys for Defendant*

1

| | |
|---|---|
| Tanner Laiche<br>Washington State Bar No. 60450<br>tlaiche@susmangodfrey.com<br>**SUSMAN GODFREY LLP**<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 505-3816<br>Facsimile: (206) 516-3883 | *Shenzhen Lutejiacheng Technology Co., Ltd.* |

Howard B. Rockman
Illinois ARDC No. 2361051
rockman@rvoiplaw.com
**ROCKMAN, VIDEBECK & O'CONNOR, LLC**
1s376 Summit Ave., Court C
Oakbrook Terrace, Illinois 60181
Telephone: (630) 627-4552
Facsimile: (630) 627-2145

Yanling Jiang
Illinois ARDC No. 6309336
yanling@jiangip.com
Yi Bu
Illinois ARDC No. 6328713
**JIANGIP LLC**
33 West Jackson Blvd.
Chicago, Illinois 60604
Telephone: (630) 733-9483

*Attorneys for Plaintiff*
*Dao Health*

**SO ORDERED, THIS __24th__ DAY OF _____June_____ 2024**

_____
Hon Thomas M. Durkin, U.S.D.J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAO HEALTH, a California Corporation,<br><br>    Plaintiff,<br>vs.<br><br>SHENZHEN LUTEJIANCHENG TECHNOLOGY CO., LTD., a/k/a SHENZHEN ROOT E-COMMERCE CO., LTD., a China Limited Company,<br><br>    Defendant. | Case No. 1:23-cv-04885<br><br>**JURY TRIAL DEMANDED** |

## **E-DISCOVERY ORDER**

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties.

3. Each party hereby agrees to comply with this order and to undertake efforts to promote efficiency in the discovery of ESI.

4. Absent agreement of the parties or further order of this court, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall be governed by the following parameters:

   A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the

3

TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Production.** The parties shall produce Concordance DAT and Summation DII files containing unique field delimiters and the following fields:

    i.    Beginning Production Number

    ii.    Ending Production Number

    iii.    Extracted or OCR text as required by section 4(d).

C. **Metadata.** The following additional metadata fields shall also be provided for electronic files and e-mail files if such metadata is reasonably accessible to the producing party:

    i.    Beginning Attachment Range (if applicable)

    ii.    Ending Attachment Range (if applicable)

    iii.    ParentChild (if applicable)

    iv.    ParentDate (if applicable)

    v.    CustodiansAll (listing all custodians of the document)

    vi.    Author or Sender

    vii.    Recipient(s)

    viii.    Carbon copy (CC) recipients

    ix.    Blind carbon copy (BCC) recipients

    x.    Date Sent

    xi.    Date Modified

    xii.    Date Created

      xiii. Title

      xiv. Email Subject

      xv. Document Type

      xvi. Filename (if applicable)

      xvii. File Extension

      xviii. Pages

      xix. Confidentiality Designation

      xx. Document redacted

D. **Text-Searchable Documents**. The parties will produce searchable extracted or captured text in standalone document-level text (.txt) files preferably maintained in their own directory structure named either TEXT or OCR.

E. **Footer.** Each document image shall contain a footer with a production number.

F. **Native Files.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g., comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format or MS Excel. TIFF images need not be produced for files produced in native file format unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. A party may make a reasonable request to receive any other document in its native format, including but not limited to requesting the production of color copies for any document produced in black and white, and upon receipt of such a request, the producing party shall produce the document in its native format.

G. **No Backup Restoration Required.** Absent a showing of good cause, no party need

restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

  H. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and/or preserved.

5. General production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronically stored correspondence (collectively "e-mail"), unless the parties agree on the proper custodians, proper search terms, and proper time frames.

6. Each requesting party shall limit its e-mail production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

7. Each requesting party shall limit its e-mail production requests to a total of nine search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g.,

"computer" and "system") narrows the search and shall count as a single search term. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Having search term translated by a language translator into English, Mandarin Chinese, or another language, shall count as a single search term as the original language provided. If a party objects to a search term on the ground that it would be too burdensome to produce all documents that hit on that term, the party shall diligently work to produce a hit count to the requesting party.

8. E-mails shall be produced according to the parameters described in Section 4 of this Order. Once the parties agree to particular search terms for a particular custodian, the producing party shall make a good faith effort to start its e-mail production within twenty-one days after agreement is reached and shall make a good faith effort to make expeditious productions thereafter.

9. E-mail files with attachments should be produced with attachments immediately following their respective parent e-mail and the entire production range for the email and its respective attachments also provided (e.g., Beginning Group Range and Ending Group Range metadata fields populated) to the extent reasonably practical to do so.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI, including e-mails, is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI, including e-mails, in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations

under the Federal or Local Rules.

13. The parties hereby stipulate and agree that the terms set forth this stipulated E-Discovery Order shall be binding upon the parties from the date of this stipulation and shall remain in effect until the Court formally issues an E-Discovery Order or provides further instructions.