**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

DAO HEALTH,

             Plaintiff,

    v.

SHENZHEN LUTEJIANCHENG
TECHNOLOGY CO., LTD., a/k/a
SHENZHEN ROOT E-COMMERCE CO.,
LTD.,

             Defendant.

Civil Action No. 1:23-cv-04885

Judge Thomas M. Durkin

Magistrate Judge Beth W. Jantz

**DEFENDANT'S MOTION TO MODIFY THE
JOINT DISCOVERY SCHEDULE AND REQUEST FOR STATUS CONFERENCE**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 3

III.    LEGAL STANDARDS ....................................................................................... 4

IV.    ARGUMENT ...................................................................................................... 5

        A.     Momcozy's Proposed Modification of the Discovery Schedule Is
               Reasonable and Necessary in View of the New Infringement Allegations
               over the Paruu and Pibur Products ............................................................ 6

        B.     Significant Discovery Remains to Be Completed that Requires an
               Extension of the Current Discovery Schedule ........................................... 9

        C.     Momcozy Has Been Diligent in Seeking the Proposed Modifications ................... 11

        D.     A Status Conference with the Magistrate Judge Will Help Resolve
               Any Remaining Scheduling Issues ............................................................ 12

V.      CONCLUSION .................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*Bazen v. Salem*,
  No. 3:14-CV-289-DCK, 2015 WL 13614495 (W.D.N.C. Sept. 23, 2015) ................................ 5

*CardioNet, Inc. v. Mednet Healthcare Techs., Inc.*,
  No. CV 12-2517, 2013 WL 12155809 (E.D. Pa. June 3, 2013) .................................. 5

*Experience Hendrix, L.L.C. v. Pitsicalis*,
  No. 17 CIV. 1927 (PAE), 2018 WL 11222521 (S.D.N.Y. Apr. 20, 2018) ................................ 5

*HSM Portolio LLC v. Fujistu Ltd.*,
  C.A. No. 11-770-RGA, D.I. 426 (D. Del. Aug. 20, 2013) ........................................ 4

*L&W, Inc. v. Shertech, Inc.*,
  471 F.3d 1311 (Fed. Cir. 2006) ...................................................... 6

*Lukis v. Whitepages Inc.*,
  535 F. Supp. 3d 775 (N.D. Ill. 2021) ................................................ 4

*Varlitskiy v. Cnty. of Riverside*,
  No. EDCV192099JGBSPX, 2021 WL 4775972 (C.D. Cal. July 23, 2021) .............................. 5

**Rules**

Fed. R. Civ. P. 15(a)(3) .......................................................... 8

Fed. R. Civ. P. 16(b) ............................................................ 4

Fed. R. Civ. P. 30(b)(1) .......................................................... 10

Fed. R. Civ. P. 30(b)(6) ......................................................... 9, 10

Local Patent Rule 2.1 ............................................................ 8

Local Patent Rule 2.2 ............................................................ 4, 8

Local Patent Rule 2.3 ............................................................ 8

Local Patent Rule 3.1 ............................................................ 8

Local Patent Rule 3.2 .......................................................... 1, 8, 12

Local Patent Rule 4.2 ............................................................ 9

Local Rule 72.1 ................................................................. 12

Defendant Shenzhen Lutejiancheng Technology Co., Ltd. ("Momcozy" or "Defendant") respectfully submits this motion to modify the scheduling order to extend various deadlines set forth in the Joint Discovery Schedule (D.I. 62, D.I. 31) in view the newly accused products identified in the Motion for Leave to File a Third Amended Complaint and to Supplement its Infringement Contentions (D.I. 70) ("Dao's Motion") filed by Plaintiff Dao Health ("Dao" or "Plaintiff").[1]   In addition, in view the Court's referral to Magistrate Judge Jantz (D.I. 74), Momcozy requests a status conference to discuss the case schedule.  Pursuant to Judge Durkin's procedures, the parties have conferred regarding a briefing schedule for this motion, but have been unable to agree.  The parties will submit a joint filing setting forth their competing positions.

I.      INTRODUCTION

On August 20, 2024, Dao filed a motion (D.I. 70) seeking leave to file a Third Amended Complaint that alleges infringement of nine additional breast pump devices—referred to herein as the "Paruu and Pibur Products."  The addition of the nine Paruu and Pibur products nearly *doubles* the number of accused products at issue from ten to nineteen.  Dao's motion further requests permission to supplement—albeit after the fact—Final Infringement Contentions to add the nine Paruu and Pibur Products.  D.I. 70.  The new allegations of infringement of the Paruu and Pibur Products significantly expand the scope of this case, with fact discovery currently scheduled to close in less than six weeks (*see* D.I. 62 at p. 2) and impending deadlines for final responsive contentions under LPR 3.2 and the opening claim construction brief due in the next few weeks (*id*.).  To the extent the Court allows filing of the Third Amended Complaint, there will be 19

---

[1] Momcozy recognizes that the bases provided for the relief sought herein are the same as those arguments it presents in its opposition to Dao's Motion filed concurrently herewith.  Momcozy files this motion separately because it seeks affirmative relief, but reiterates that granting the modifications to the schedule proposed in Exhibit A will relieve the prejudice to Momcozy occasioned by the filing of the Third Amended Complaint and accompanying supplement to Dao's infringement contentions.

1

accused products that allegedly infringe 20 claims (in 3 patents) for a total of ***380 individual claims***

***of direct infringement***, not to mention theories of induced infringement referenced in Dao's

contentions. Absent additional time for fact discovery and claim construction, Momcozy will be

significantly prejudiced by the belated inclusion of these additional infringement allegations over

the Paruu and Pibur Products.

To that end, for efficiency, in its response brief filed contemporaneously with this motion,

Momcozy has agreed to consent to the filing of Dao's Third Amended Complaint so long as there

is a reasonable extension of upcoming deadlines in the Joint Discovery Schedule. *See* D.I. 76,

Momcozy's Response to Dao's Motion. Momcozy's proposed revisions to the current Joint

Discovery Schedule are attached at Exhibit A.

Momcozy has repeatedly attempted to resolve scheduling issues with Dao prior to filing

this motion. Most recently, Momcozy sent its proposed schedule to Dao and indicated that Dao's

consent to the schedule (as set forth in Exhibit A) would moot Momcozy's opposition to Dao's

motion for leave to file the Third Amended Complaint. Ex. B, Email from S. Sklar to M. Xi dated

August 30, 2024. Dao responded that it would only agree to a modified schedule that extends "fact

discovery deadlines" by one month (Ex. C, Email chain between S. Sklar and T. Laiche dated

August 30, 2024–September 2, 2024), but it is not clear to Momcozy which of the deadlines set

forth in the current Joint Discovery Schedule would be extended under Dao's proposal (for

example, whether Dao's proposal would include extension of the claim construction briefing

deadlines). Momcozy maintains that the proposed modified schedule in Exhibit A is reasonable

and necessary to avoid prejudice to Momcozy, particularly to the extent the Paruu and Pibur

products become part of the case. Accordingly, for the reasons discussed below, Momcozy's

motion to extend various deadlines in the Joint Discovery Schedule should be granted.

## II.   BACKGROUND

Dao's proposed Third Amended Complaint seeks to add infringement allegations for nine

Paruu and Pibur Products across twenty asserted claims of the three patents-in-suit.  *See* Proposed

Third Amended Compl., D.I. 70-2, Ex. 1 to Dao's Motion (D.I. 70) at 7–8 (¶ 17) (identifying

proposed amendment from ten (10) to nineteen (19) total accused products).  The new accused

products include the Paruu P3, P10, P16, R10, R12, Y10, X1, and X2 and Pibur P15 models.  *Id*.

These newly accused products join the ten previously accused Momcozy wearable breast pump

models—M1, M5, M6, M9, S9, S12, S9 Pro, S12 Pro, V1, and V2 – identified in Dao's Second

Amended Complaint.[2]  *Id*.

The new allegations of infringement against the Paruu and Pibur Products arise from the

Momcozy's supplemental interrogatory answers served on July 3, 2024, that included, in relevant

part, an identification of these products.  *See* D.I. 71-3, Sealed Ex. 6 to Dao's Motion (D.I. 70) at

13.  As Momcozy's supplemental interrogatory responses make clear, the Paruu and Pibur Products

are **<u>not</u>** manufactured, sold, imported, marketed, or offered for sale by Momcozy, the only named

defendant in this action.  *Id.* (identifying "entities related to" Momcozy).  Nevertheless, a few weeks

later, Dao's counsel contacted Momcozy regarding its intention to file another amended complaint

(the third one) against Momcozy accusing "the Paruu P3, P10, P16, R10, R12, Y10, X1 and X2 and

the Pibur P15" products of infringement.  D.I. 70-8, Ex. 7 to Dao's Motion at 4–5 (email chain

---

[2] Dao's original complaint accused six different accused models of the Momcozy wearable breast pump—M1, M5, S9, S12, S9 Pro, and S12 Pro.  D.I. 1.  Two additional models—V1 and V2— were added in the First Amended Complaint.  D.I. 49.  Two more models—M6 and M9—were added in the Second Amended Complaint bring the number of accused products to ten.  D.I. 61. Along with the filing of the Second Amended Complaint, the parties agreed to a one-month extension of various deadlines, including the deadline to complete fact discovery.  *See* D.I. 62; D.I. 63 (adopting D.I. 62).  The parties also subsequently agreed to an extension of time to serve final infringement and final invalidity/unenforceability contentions. D.I. 67; 68 (adopting D.I. 67).

between counsel dated July 29, 2024, through August 12, 2024). Momcozy requested a copy of the complaint to review, which Dao provided about a week later. *Id*. at 3–4.

Momcozy subsequently informed Dao that it would consent to the filing of the Third Amended Complaint so long as Dao agreed to extend the discovery schedule because the inclusion of "nine additional devices is a significant expansion of the scope of this action." *See id*. at 2. Dao refused but proposed a "compromise" three-week extension of "case deadlines" if Momcozy agreed to stipulate that the Paruu and Pibur products were "substantially similar" to previously accused products—i.e., that one of the previously accused products is representative. *Id*. Momcozy could not agree to this proposal as it is "not factually accurate." *Id*. at 1.

On August 16, 2024, without consent from Momcozy, Dao served "Final Infringement Contentions" that included allegations of infringement of the Paruu and Pibur products. *See* Ex. D, Dao's Final Infringement Contentions dated August 16, 2024, at p. 3. Of the 57 claim charts included with Dao's Final Infringement Contentions, 27 charts are directed to the Paruu and Pibur Products. Unlike the accused Momcozy products, Dao did not identify the Paruu and Pibur products, nor did Dao include claim charts for these products in Dao's Initial Infringement Contentions pursuant to Local Patent Rule 2.2, prior to serving its Final Infringement Contentions on Momcozy.

## III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 16(b)(4), a discovery schedule can be modified upon of showing of "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).[3] A

---

[3] In general, a Rule 16(b) good-cause determination is primarily based on the diligence of the party seeking an amendment of the schedule. *See Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 802 (N.D. Ill. 2021). However, courts have amended case discovery schedules as a means to eliminate unfair prejudice to a defendant resulting from new claims in an amended complaint without applying the good cause standard. *See, e.g., HSM Portolio LLC v. Fujistu Ltd.*, C.A. No. 11-770-RGA, D.I. 426 (D. Del. Aug. 20, 2013) (suspending deadlines and ordering parties to "meet and

reasonable extension of discovery deadlines, including the deadline for completion of fact

discovery, is appropriate to cure prejudice resulting from the filing of an amended complaint

raising new issues. *See, e.g.*, *Varlitskiy v. Cnty. of Riverside*, No. EDCV192099JGBSPX, 2021

WL 4775972, at *3 (C.D. Cal. July 23, 2021) (granting leave to amend complaint over prejudice

objection, and noting that "the Court can cure this prejudice by allowing the parties to propose a

new trial schedule"); *Experience Hendrix, L.L.C. v. Pitsicalis*, No. 17 CIV. 1927 (PAE), 2018 WL

11222521, at *1 (S.D.N.Y. Apr. 20, 2018) (finding good cause to grant "a three-month extension

of the fact discovery deadline"); *Bazen v. Salem*, No. 3:14-CV-289-DCK, 2015 WL 13614495, at

*3 (W.D.N.C. Sept. 23, 2015) ("To the extent Defendants contend they are prejudiced by further

delay, the Court should be able to cure such prejudice by allowing the parties to propose a revised

schedule for any necessary additional discovery and/or motions practice."); *CardioNet, Inc. v.

Mednet Healthcare Techs., Inc.*, No. CV 12-2517, 2013 WL 12155809, at *1 n.1 (E.D. Pa. June 3,

2013) ("The Court recognizes amendment will increase the scope of discovery somewhat with the

fact discovery deadline fast approaching; however, the Court can ensure the parties' ability to

present their claims and defenses is not impaired by granting a reasonable extension of the

discovery deadline.").

## IV.    ARGUMENT

Good cause exists to modify the schedule as Momcozy requests.  The addition of the nine

Paruu and Pibur Products is a significant expansion of the case with less than six weeks left in fact

discovery.  In the absence of Momcozy's proposed extension of the schedule, Momcozy would be

severely prejudiced in addressing Dao's new infringement allegations under the current schedule.

including, in particular, responding to Dao's Final Infringement Contentions by September 20,

---

confer and submit a status report on scheduling" after granting motion for leave to amend the
complaint) (copy provided as Exhibit L).

2024. Even apart from the new assertion of the Paruu and Pibur Products, the significant remaining discovery sought by both parties warrants the requested schedule modification.

>A.   **Momcozy's Proposed Modification of the Discovery Schedule Is Reasonable and Necessary in View of the New Infringement Allegations over the Paruu and Pibur Products**

The timing of Dao's Third Amended Complaint, together with the expansion in scope of this case as a result, provides good cause for the modifications to the schedule Momcozy seeks. Contrary to Dao's arguments (Dao's Motion (D.I. 70) at 13), an extension of the schedule is both reasonable and necessary to enable Momcozy to (1) consider and respond to the allegations of infringement made for the first time in Dao's August 16, 2024 Final Infringement Contentions, including but not limited to, providing supplemental Final Invalidity Contentions in view of Dao's application of the asserted claims to the accused products; and (2) if appropriate, undertake additional discovery, such as discovery relevant to the Paruu and Pibur products.

Dao contends that the newly accused Paruu and Pibur devices "obviously are" substantially similar to previously accused devices. D.I. 70 at 6. While Dao purports to support this contention in its motion via a table comparing images of the various accused devices (*see* D.I. 70 at 11), Dao's conclusion is unsupported, and highlights the further discovery issues that will be occasioned by the inclusion of the Paruu and Pibur devices in this litigation.

Notably, to the extent Dao contends that one or more accused products are similar (or representative) with respect to one or more others, that is an issue for which Dao carries the burden to establish. *See, e.g.*, *L&W, Inc. v. Shertech, Inc.*, 471 F.3d 1311, 1317–18 (Fed. Cir. 2006) ("[T]he burden of proof on infringement . . . falls on . . . the patentee. [Patentee] cannot simply 'assume' that all of [the accused infringer's] products are like the one [Patentee's expert] tested and thereby shift to [the accused infringer] the burden to show that is not the case."). Dao's proposed Third Amended Complaint asserts that some of the Paruu and Pibur products are

6

"substantially similar" to one or more of the previously accused products (*see* Proposed Third Amended Compl., D.I. 70-2, Ex. 1 to Dao's Motion (D.I. 70) ¶¶ 37, 39, 41), but provides no detail regarding the alleged similarity apart from a conclusory description of the devices.[4] Moreover, for the Paruu P16 and Y10 models, Dao does not even *allege* that these models are "substantially similar" to any previously accused Momcozy model. *See* Proposed Third Amended Compl., D.I. 70-2, Ex. 1 to Dao's Motion (D.I. 70) at 18–19.

Momcozy is entitled to investigate, test, and respond to Dao's new infringement allegations as part of the fact (and later expert) discovery process, and to respond to Dao's Final Infringement Contentions which include twenty-seven (27) charts directed to the Paruu and Pibur products across the three asserted patents.[5] Dao's Final Infringement Contentions also contain new disclosures regarding alleged infringement under the doctrine of equivalents for the "Accused Instrumentalities," which according to Dao's definition, includes Paruu and Pibur Products as well the existing Momcozy products. *See* Ex. D, Dao's Final Infringement Contentions dated August 16, 2024, at pp. 3–10. These positions regarding the Paruu and Pibur products are undoubtedly new as evidenced by Dao's motion to supplement its contentions. D.I. 70 at 7–13. The new contentions go to the core of Dao's position on how the asserted claims are applied to the accused products and do not have some reduced significance because, in Dao's view, the Paruu and Pibur products are "substantially similar" to previously accused products. In fact, as noted above, for several of the newly accused products (P16 and Y10), Dao does not even contend these

---

[4] Dao's August 16, 2024 Final Infringement Contentions, while including 27 claim charts with respect to the Paruu and Pibur products, also provide no detail regarding Dao's allegations of "substantial similar[ity]."

[5] Dao served a total of 2,978 pages for the 27 claim charts directed to the Paruu and Pibur products. This is an average about 110 pages per chart. Due to the volume, Momcozy has not attached any such charts as exhibits, but can provide them to the Court upon request.

are "substantially similar" to any accused Momcozy model. *See* Proposed Third Amended Compl., D.I. 70-2, Ex. 1 to Dao's Motion (D.I. 70) ¶¶ 37, 39, 41.

Under the current schedule for resolving Dao's motion, Momcozy will be required to prepare (and likely will need to serve) responsive Final Non-infringement Contentions concerning the Paruu and Pibur products, likely before *they are even formally part of the case*. [6] *See* D.I. 67 (providing a September 20, 2024 deadline to file LPR 3.2 contentions). By contrast, the ordinary process provided by this Court's Local Patent Rules allows a 21-week period between the service of Initial Infringement Contentions under LPR 2.2 and Final Infringement Contentions under LPR 3.1, followed by another 28-day period before which an accused infringer must provide its responsive Final Non-Infringement and Final Invalidity/Unenforceability contentions under LPR 3.2.

In this regard, Momcozy proposes a modified discovery schedule that provides a November 19, 2024 deadline for Momcozy to supplement its August 16, 2024 Final Invalidity and Unenforceability Contentions. *See* Ex. A at p. 1. Subsequent deadlines, including the deadlines for responsive LPR 3.2 Final Non-Infringement and Validity Contentions, the deadlines for claim construction briefing, and the deadline to complete fact discovery, are commensurately extended. *Id*. Momcozy's proposed schedule also permits the parties to supplement their identification of claim terms after all contentions have been exchanged (including responsive contentions under LPR 3.2, as contemplated by LPR 4.1(a)), and adjusts the order of claim construction briefing such that Momcozy (which currently proposes constructions for nine claim terms, relative to Dao's

---

[6] Indeed, to the extent the Court grants Dao's Motion, Momcozy is also entitled to at least a 14-day period to file an answer or otherwise respond. Fed. R. Civ. P. 15(a)(3). Ordinarily, the contentions exchange procedures contemplated by the Local Patent Rules do not even begin until a party has filed its answer. *See* LPR 2.1, 2.2, 2.3, *et. seq.*

proposal for just one term) files the opening and reply briefs rather than Dao (which has the opening and reply brief under the current schedule).  *Compare* Ex. A at p. 1 *and* D.I. 62 at p. 2; *see also* LPR 4.2 and comment thereto.

To the extent the Court permits filing of the Third Amended Complaint, Momcozy (which is located in China) may need to provide additional discovery including, for example, supplementing its prior interrogatory responses that Dao contends cover the Paruu and Pibur products and for which Dao has moved to compel (despite the fact that these products are not at this point even in the case).  *See* D.I. 73.  Unsurprisingly, Dao has included the Paruu and Pibur products within scope of its 72-topic Rule 30(b)(6) Notice, which further demonstrates the significant expansion of discovery in view of the Paruu and Pibur products.  *See* Ex. E, Dao's Rule 30(b)(6) Notice at Exhibit 1, ¶ 3 (defining "ACCUSED DEVICES" to include the Paruu and Pibur products).  Far from prejudicing Dao's pursuit of a "speedy trial" (D.I. 70 at 14–15)[7]—dates for which have not been set by the Court—the discovery schedule proposed in Exhibit A reflects the reality of undertaking the onerous process of additional discovery, and provides adequate time for the parties to obtain documentary discovery prior to deposition of the parties' fact witnesses.

**B.      Significant Discovery Remains to Be Completed that Requires an Extension of the Current Discovery Schedule**

Even if the Court does not permit Dao to file its Third Amended Complaint, good cause exists to modify the schedule as Momcozy proposes to accommodate the discovery sought by the parties within the framework contemplated by this Court's Local Patent Rules.  On August 29,

---

[7] Dao's argument that modest extension of the schedule would "preclude Dao Health from obtaining timely relief against Momcozy's expansive, ongoing infringement" (D.I. 70 at 15) is belied by the fact that Dao's prayer for relief does not include injunctive relief, but is limited to money damages. *See* D.I. 70-2, Proposed Third Amended Compl., Ex. 1 to Dao's Motion (D.I. 70) at 33–34.

2024, the parties substantially completed document production pursuant to the current Joint Discovery Schedule, and on the same day (and again on August 30) met and conferred regarding various outstanding discovery issues. Both parties committed to continuing to search for, review, and produce documents—including ESI—as appropriate and in resolution of certain disputes. *See* Ex. F, Email from N. Kopinski to T. Laiche dated September 3, 2024; Ex. G, Email chain between W. Feng and T. Laiche dated August 29–30, 2024.[8]

Although Momcozy has no reason to doubt that the parties will diligently work to do so, the current discovery schedule provides for a close of fact discovery on October 10, 2024, during which period the parties must review tens of thousands of pages of materials and prepare for (and take) over 12 depositions. Both Dao and Momcozy produced about half of their documents in the three-week period prior to the existing August 29, 2024 deadline for substantial completion of document production. Dao served a Rule 30(b)(6) deposition notice setting forth ***seventy-two (72)*** topics, and has separately noticed ***nine (9)*** additional depositions (noticed for dates between September 24, 2024, and October 4, 2024), all of which are directed at individuals residing in China. *See* Ex. E, Dao's Rule 30(b)(6) Notice at Exhibit 1; Ex. I, Email from T. Laiche dated August 27, 2024 (serving nine Rule 30(b)(1) deposition notices). Preparation of these foreign witnesses for deposition and travel to the noticed location in China add significant complexity to discovery. For its part, Momcozy has also served five deposition notices on Dao, including a Rule 30(b)(6) notice as well as four individual deposition notices. *See* Ex. J, Email from J. Sanner to counsel dated September 3, 2024 (serving four Rule 30(b)(1) deposition notices). Momcozy has

---

[8] Momcozy is attempting to work through various issues with Dao relating to the production of emails from Dao's custodians pursuant to the Court's E-Discovery Order (D.I. 57). Dao currently contends that an undue burden exists for various search terms. *See* Ex. H, Email J. Sanner to counsel dated September 3, 2024. To the extent the parties are unable to resolve this dispute, Momcozy may be forced to seek relief from the Court.

also been diligently working to obtain third-party discovery, including documents and depositions, from two of the named inventors on the asserted patents (Messrs. Sutton and Paul) and from Medela, an entity with which Dao has a licensing agreement.

Moreover, Dao has filed a motion to compel seeking, *inter alia*, for Momcozy to undertake significant additional discovery efforts related to all products "reasonably similar" to those specifically accused, and to compel Momcozy to undertake the unreasonably burdensome task of searching for, reviewing, and producing materials generated after the filing of its complaint(s), apparently *ad infinitum*. *See* D.I. 73. Momcozy opposes the relief Dao seeks in its motion to compel, and will file its response in due course. In addition, although Dao has consistently mischaracterized discovery deficiencies in this case as one-sided, Momcozy intends to file its own motion to compel with respect to Dao's refusal to search for or produce documents in response to several of Momcozy's requests for production. These outstanding discovery disputes between the parties underscore the need for a reasonable extension of the schedule, as the resolution of these disputes will necessarily require additional time for the parties to either mutually resolve and/or comply with any orders from the Court.

### C.     Momcozy Has Been Diligent in Seeking the Proposed Modifications

Momcozy has acted diligently to bring this matter to the Court's attention. As noted above, Dao provided Momcozy with a copy of the proposed Third Amended Complaint on August 7, 2024, and Momcozy responded with a proposed modified schedule similar to the one attached as Exhibit A on August 9, 2024. *See* Ex. K, Email chain between counsel dated July 29, 2024–August 21, 2024, at pp. 4–6. Dao rejected that schedule (*id*. at p. 3), and subsequently filed its motion seeking leave on August 20, 2024. *See* D.I. 70. The next day, Momcozy informed Dao that it planned to file this motion (Ex. K at p. 1), and following an additional attempt to reach a

11

compromise that would avoid necessitating the Court's involvement (*see* Ex. B), Momcozy did so on September 4, 2024.

Dao's characterizations of Momcozy as "refus[ing] to engage in the discovery process" (*see* D.I. 73 at 1) (which allegation Momcozy disputes and will respond to in its response to Dao's motion to compel) are unsupported and do not evince any lack of diligence here. By the August 29, 2024 deadline provided in the current schedule for substantial completion, not unlike Dao itself, Momcozy had searched for and produced over 60,000 pages of documents in response to Dao's discovery requests. As noted above, the parties have ongoing disputes that are (or will shortly be) before the Court for resolution. Thought the parties have agreed to extend certain deadlines over the course of this case (*see, e.g.*, D.I. 44, 46, 67), the fact discovery deadline has been extended only once (by agreement of the parties) (D.I. 62). The extensions set forth in Momcozy's proposed schedule are practical.

**D.     A Status Conference with the Magistrate Judge Will Help Resolve Any Remaining Scheduling Issues**

The Court has referred this case to Magistrate Judge Jantz pursuant to Local Rule 72.1 with "full authority to modify any deadlines." D.I. 74. Accordingly, given the upcoming deadlines in the current schedule (including the exchange of final responsive contentions pursuant to LPR 3.2), Momcozy requests a scheduling conference with the Magistrate Judge to discuss scheduling issues.

As explained above, Momcozy contends that its proposed modification of the discovery schedule (at Exhibit A) is appropriate under the current circumstances. Momcozy is open to discussing alternative modifications of the schedule with Dao the Court that will cure the prejudice arising from the filing of the Third Amended Complaint and provide additional time to complete discovery. At a minimum, the current schedule should be paused to determine new deadlines.

## V.    CONCLUSION

For the reasons set forth above, Momcozy respectfully requests that the Court grant its motion and adopt the proposed schedule set forth as Exhibit A.  To the extent necessary, Momcozy further requests a status conference with Magistrate Judge Jantz to discuss appropriate modifications of the current discovery schedule.

*      *      *

Date: September 4, 2024                                    Respectfully submitted,


LEYDIG, VOIT & MAYER, LTD.


By:  */s/ Steven H. Sklar*
     Steven H. Sklar
     Gregory C. Bays
     Pei Raymond Chen, Ph.D.
      (*pro hac vice* forthcoming)
     ssklar@leydig.com
     gbays@leydig.com
     rchen@leydig.com
     Two Prudential Plaza, Suite 4900
     180 North Stetson Avenue
     Chicago, IL 60601-6745
     Telephone: (312) 616-5600
     Facsimile: (312) 616-5700

     *Attorneys for Defendant,*
     *Shenzhen Lutejiancheng Technology Co., Ltd.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2024, a true and correct copy of the foregoing

document was caused to be served on counsel of record via electronic filing in compliance with

Local Rule 5.9:

| | |
|---|---|
| Howard B. Rockman<br>ROCKMAN, VIDEBECK & O'CONNOR, LLC<br>1S376 Summit Avenue, Court C<br>Oakbrook Terrace, IL 60181<br>Telephone: (630) 627-4552<br>*rockman@rvoiplaw.com* | Yanling Jiang<br>Yi Bu<br>JIANGIP<br>33 West Jackson Boulevard<br>Chicago, IL 60604<br>Telephone: (630) 733-9483<br>*yanling@jiangip.com*<br>*ybu@jiangip.com* |
| Meng Xi<br>Shawn Blackburn<br>Bryce T. Barcelo<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 551-9366<br>*mxi@susumangodfrey.com*<br>*sblackburn@susmangodfrey.com*<br>*bbarcelo@susmangodrey.com* | Tanner Laiche<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880<br>*tlaiche@susumangodfrey.com* |

*Attorneys for Plaintiff,*
*Dao Health*


/s/ Steven H. Sklar
Steven H. Sklar
LEYDIG, VOIT & MAYER, LTD.

1

**CERTIFICATE OF CONFERENCE AND COMPLIANCE WITH LOCAL RULE 37.2**

Pursuant to Local Rule 37.2 and the Court's procedures, the parties met and conferred by email concerning Momcozy's proposed modifications to the discovery schedule between August 9, 2024 and September 3, 2024, and discussed the issue via web conference on August 30, 2024 between 10:30AM CT and approximately 11:00AM CT.  In attendance during the web conference (and copied on the email correspondence) for Defendant Momcozy were Mr. Steven Sklar and Mr. James W. Sanner of Leydig, Voit & Mayer, Ltd.  In attendance (and copied on the email correspondence) for Plaintiff Dao were Ms. Meng Xi, Mr. Tanner Laiche, and Mr. Samuel Drezdzon of Susman Godfrey LLP.  Despite the good faith efforts of counsel, the parties were unable to reach agreement, and thus this motion is opposed.

> */s/ Steven H. Sklar*
> Steven H. Sklar
> LEYDIG, VOIT & MAYER, LTD.

1