IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAO HEALTH, a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHENZEN LUTEJIANCHENG TECHNOLOGY CO., LTD., a/k/a SHENZEN ROOT E-COMMERCE CO., LTD., a China Limited Company, <br><br> Defendant. | Case No. 1:23-cv-04885 <br><br> District Judge Thomas M. Durkin <br><br> Magistrate Judge Beth W. Jantz |

## ORDER

Plaintiff was granted leave to file a third amended complaint and supplement its infringement contentions to accuse nine new products that allegedly infringe on its patents. Dkt. 83; *see also* dkt. 70, Pl.'s Mot. for Leave; dkt. 87, Pl.'s Third Am. Compl. Plaintiff's Third Amended Complaint (dkt. 87) is now on file and Defendant's response remains due by 10/8/24. *See* dkt. 86. The Court previously ruled that all case deadlines would be extended by three months to allow sufficient time for discovery and the Parties were instructed to file a joint list of all deadlines to reflect that extension. Dkt. 86. The Parties filed a Joint List of Discovery Deadlines (dkt. 88) but it indicates that the Parties continue to disagree over whether certain deadlines were addressed by the Court's prior Order (dkt. 86). The Court now sets the schedule detailed in the underlying Order and will not accept at this time any further briefing or argument on scheduling issues. Indeed, the Court is also disinclined in the future to take briefing or extended argument on scheduling issues. It is not a good use of the Parties' or the Court's resources or time. If a Party asks for a meager and/or reasonable extension, particularly if based on a family or holiday issue, it should be agreed to out of professionalism and efficiency. Please remember that you may need a similar extension someday. The status hearing scheduled for 10/9/24 is stricken and reset to 10/15/24 at 2:15 p.m. To join the hearing by phone, dial 1-650-479-3207 and enter access code 2308 182 1801. Entering an attendee code is not required.

The Court sets the following schedule:

Defendant was ordered to supplement its interrogatory responses related to Plaintiff's previous Motion to Compel (dkt. 73) by 9/30/24, if it intended to do so. Dkt. 86. If there are any outstanding issues, the Parties are still required to meet and confer (via video or in person; emails or phone will not suffice) on this matter ahead of the next status hearing, and the Court will expect an update on whether Plaintiff will seek leave to re-file a related motion to compel at the

status hearing and on what basis. *See id.* No parties have leave to file any motions in advance of the next status hearing.

The Parties disagree over whether a date should be set for Defendant to serve supplemental final unenforceability and invalidity contentions. Dkt. 88 at 1, n.1; *id.* at 2, n.2. The Local Patent Rules state that, "Each party asserting invalidity or unenforceability of a patent claim shall serve on all other parties, at the same time that the Final Infringement Contentions required by LPR 3.1(a)(2) are served, 'Final Unenforceability and Invalidity Contentions'…" LPR 3.1(b). In the interest of fairness, because Plaintiff was granted leave to file supplemental final infringement contentions, dkt. 83, Defendant is granted leave to serve supplemental final unenforceability and invalidity contentions at the same time. Both Plaintiff's supplemental final infringement contentions and Defendant's supplemental final unenforceability and invalidity contentions must be served by 10/11/24. This is not an open invitation for either Party to supplement their contentions in ways unrelated to the Third Amended Complaint (dkt. 87).

The Parties disagree over whether dates should be set to supplement claim construction terms and to subsequently meet and confer on those terms. Dkt. 88 at 2, n.3. The Local Patent Rules state that the exchange of proposed claim terms occurs after service of the final invalidity contentions. LPR 4.1(a). Therefore, because the Parties are being permitted to supplement their final contentions as stated above, the Court will allow the Parties to supplement claim construction terms, as well. The deadline to supplement claim construction terms is 10/17/24. The last day for the Parties to meet and confer (by video or in person) on the terms is 10/24/24, and the Parties should schedule a date now to lock it in on everyone's schedules. This is not an open invitation for either Party to supplement their claim construction terms in ways unrelated to the Third Amended Complaint (dkt. 87).

The deadline to exchange privilege logs is 12/12/24, which is agreed to by the Parties, dkt. 88 at 2, and represents the three-month extension ordered by the Court, dkt. 86.

The deadline for final non-infringement contentions is 12/20/24, which is agreed to by the Parties, dkt. 88 at 2, and represents the three-month extension ordered by the Court, dkt. 86.

The deadline for final enforceability and validity contentions is 12/20/24, which is agreed to by the Parties, dkt. 88 at 2, and represents the three-month extension ordered by the Court, dkt. 86.

Fact discovery to close on 1/10/25, which is agreed to by the Parties, dkt. 88 at 3, and represents the three-month extension ordered by the Court, dkt. 86.

The Parties disagree over the order of claim construction briefing. Dkt. 88 at 3, n.4. The Local Patent Rules provide that the alleged infringer (Defendant in this case) should file the opening brief. LPR 4.2 and Comment. While the Court acknowledges that the previous schedule in this case had Plaintiff filing the opening brief, the Court will update the order to comport with this Court's Local Rules. Defendant's opening claim construction brief is due by 1/8/25 (which is slightly adjusted from the three-month extension ordered by the Court to account for the end-of-year holidays, as are the following claim construction deadlines). The joint appendix is also due by 1/8/25. Plaintiff's responsive brief is due by 1/29/25. Defendant's reply brief is due by 2/12/25. The joint claim construction chart is due by 2/19/25.

The deadline for a claim construction hearing (if not ordered otherwise, i.e., totally at the discretion of the District Judge) is 2/26/25.

The following deadlines remain unchanged, as agreed to by the Parties: fact discovery may resume if so ordered upon claim construction ruling; fact discovery relating to advice of counsel begins 7 days after claim construction ruling; resumed fact discovery to close 42 days after claim construction ruling; initial expert disclosures are due 28 days after claim construction ruling or the close of resumed discovery; rebuttal expert disclosures are due 28 days after initial expert reports; expert discovery to close 28 days after rebuttal expert reports.

**SO ORDERED.**

Date: October 3, 2024

_____
BETH W. JANTZ
United States Magistrate Judge