████

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAO HEALTH, a California Corporation,<br><br>        Plaintiff,<br>vs.<br><br>SHENZHEN LUTEJIANCHENG TECHNOLOGY CO., LTD., a/k/a SHENZHEN ROOT E-COMMERCE CO., LTD., a China Limited Company,<br><br>        Defendant. | Case No. 1:23-cv-04885<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF DAO HEALTH'S OPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD FACTS SUPPORTING WILLFULNESS AND TO ASSERT CLAIMS FOR PERMANENT INJUNCTION AND JOINT INFRINGEMENT**

Pursuant to the Court's Discovery Schedule (Dkts. 86, 120) and Federal Rule of Civil Procedure 15(a), Plaintiff Dao Health ("Dao Health") files this Opposed Motion for Leave to File a Fourth Amended Complaint ("FAC"), attached as Exhibit 1. The FAC differs from the Third Amended Complaint ("TAC") (Dkt. 87) in three ways:[1]

(1) The FAC adds a claim for equitable relief based on Dao Health's discovery that Defendant Shenzhen Lutejiancheng Technology Co., Ltd. ("Momcozy") has launched and is developing new infringing wearable breast pump devices that are substantially similar to the already accused devices, which cannot be accused without substantial delays to the case schedule, yet exemplify an ongoing "whack-a-mole" approach to infringement that inflicts continued irreparable harm Dao Health;

(2) The FAC asserts claims of joint infringement based on newly discovered evidence that Momcozy ████ ████ and

(3) The FAC pleads newly discovered facts supporting Dao Health's claim that Momcozy is willfully infringing the patents-in-suit.

---

[1] Attached as Exhibit 2 is a redline comparison showing the changes made to the TAC.

1

██████████████████████████████████████

Dao Health's proposed amendments are timely, based on newly discovered evidence, and do not impose undue prejudice. Accordingly, Dao Health has good cause for this request.

I.     **BACKGROUND**

    A.     **Momcozy Withheld Evidence of Additional Infringing Wearable Breast Pumps and Has Undertaken a "Whack-A-Mole" Approach to Infringement.**

Dao Health brought this action against Momcozy for infringement of three United States Patents directed to wearable, hands-free breast milk collection devices. Dkt. 1. The original complaint accused six Momcozy-branded breast pump devices that were then publicly known to Dao Health. *Id.* Since that filing, however, Dao has been forced to amend its complaint **three times** to accuse **thirteen** additional infringing devices that were not timely disclosed to Dao Health during discovery, resulting in a **four-month** extension of the case schedule. *See* Dkts. 49, 61, 87.

For example, just two weeks after Dao Health filed its initial Complaint, Momcozy launched its infringing Momcozy V1 and V2 models, which Dao Health only discovered through public sources. *See* Dkt. 47. Then, six months into fact discovery, Dao Health again uncovered through public sources that Momcozy was preparing to launch the Momcozy M6 and M9 models. *See* Dkt. 58. Momcozy did not disclose the M6 and M9 models during discovery, and Dao Health's request for leave to amend the complaint resulted in a one-month delay. *See* Dkts. 58, 62.

The TAC involves devices branded as Paruu and PiBur, which Momcozy admits are made, used, sold, offered for sale, and/or imported by its affiliates. *See* Dkt. 70-7 at 13. Momcozy only disclosed the Paruu and PiBur devices **seven months** into fact discovery and after Dao Health threatened to file a motion to compel. *See* Dkt. 70 at 2.

Since Dao Health filed its TAC accusing the Paruu- and PiBur-branded devices, Dao Health has uncovered additional, likely infringing, devices that were not disclosed by Momcozy and thus were not specifically named in the TAC. For example, in October 2024—ten months into

███████████████████████████████████████

discovery—Dao Health learned that ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████ Momcozy failed to identify these devices in response to written discovery requests and buried these products' identities and existence in untranslated Chinese-language documents, most of which Momcozy produced after the August 29, 2024 substantial document production deadline. Laiche Decl. ¶¶ 4-7. These new devices have not yet been publicly disclosed, and Momcozy refuses to identify them or provide additional discovery related to them absent Dao Health formally accusing them in a complaint. *See* Dkt. 101-1 at 5-7.

Moreover, just **last month** Dao Health discovered via a public source that Momcozy launched two new infringing breast pump devices, namely the V1 Pro and V2 Pro Hospital-Grade Wearable Breast Pumps.



Source: Momcozy, *V1 Pro Hospital-Grade Wearable Breast Pump*, https://momcozy.com/collections/featured-breast-pumps/products/v1-pro-hospital-grade-wearable-breast-pump?variant=43024069460166 (last visited Jan. 6, 2025).

Like the Paruu- and PiBur-branded devices and others specifically accused in the TAC, the V1 Pro and V2 Pro devices are substantially similar in design, function, and operation to devices already

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

accused in this case (*e.g.* the V1 and V2). Despite this, Momcozy failed to disclose the V1 Pro and V2 Pro during discovery, and these devices have not yet been formally accused in this case.

It has become clear to Dao Health that Momcozy is employing a "whack-a-mole" approach to infringement. Specifically, Momcozy deliberately and repeatedly launches new products under different product names or through shell or affiliate companies. These new products incorporate only minor, superficial changes that fail to avoid infringement of the patents-in-suit. This strategy causes new infringing products to "pop up" like moles in different forms, forcing Dao Health to continually amend its complaint to address the new infringing devices. This tactic delays the resolution of Dao Health's patent infringement claims and can only be adequately addressed through equitable relief in the form of a permanent injunction.

**B. Dao Health Discovered New Evidence Supporting a Claim for Joint Infringement.**

Since Dao Health discovered the Paruu- and PiBur-branded devices and named them in the TAC, Momcozy has consistently claimed that it plays no role in making, using, selling, offering for sale, or importing these products. *See, e.g.*, Ex. 7 at 16. However, documents produced by Momcozy tell a different story.

Discovery has revealed that Momcozy ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓:

4



Ex. 8. Additional evidence indicates that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 9.

Moreover, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See e.g.,* Ex. 10. Momcozy also ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.*; Ex. 6 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); Ex. 11 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); Exs. 12-13 (same).

Further, Dao Health recently learned that the Paruu warranty website and Paruu customer service contact information have been redirecting U.S. customers to Momcozy's warranty website. *See* Ex. 14 at 6. This shows that the warranty function for Momcozy and Paruu is unified, allowing Momcozy to service these products because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.*

Overall, these recently discovered materials are strong evidence showing that Momcozy is involved in acts of induced and joint infringement involving the Paruu and PiBur devices.

5

### C. Dao Health Discovered New Evidence of Momcozy's Willful Infringement.

Since the start of discovery, Momcozy has repeatedly denied having pre-suit knowledge of the patents-in-suit. This claim, however, has since been proven false.

Dao Health uncovered a then-confidential Information Disclosure Statement that Momcozy filed with the USPTO on March 30, 2023—prior to the filing of this lawsuit—explicitly listing the asserted U.S. Patent No. 8,118,772. Then, just a few months ago, on September 9, 2024, Momcozy disclosed to Dao Health for the first time that it possesses yet another document evidencing Momcozy's knowledge of the Asserted Patents:



Ex. 7 at 10. Momcozy has <u>refused</u> to produce any further details regarding this mystery document ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, such as when the document was sent, the custodian of the document, who at Momcozy received the document, who reviewed it, and what actions Momcozy took in response. *Id.* However, Momcozy's acknowledgment of possessing this document from ▓▓▓▓▓▓—nearly ▓▓▓▓▓▓ before this lawsuit was filed and at least ▓▓▓▓▓▓ before Momcozy launched ▓▓▓▓▓▓ of the devices currently accused in this case—is strong evidence supporting Dao Health's claims of pre-suit willful infringement.

### D. Dao Health Notified Momcozy of Its Intent to Amend its Complaint.

In view of the discoveries outlined above, on October 30, 2024, Dao Health notified Momcozy that it intends to amend its Third Amended Complaint and asked if Momcozy would oppose. *See* Ex. 15 at 9-10. Momcozy did not respond. *Id.* at 8-9. Five days later, on November 4, Dao Health followed up. *Id.* On November 7, Momcozy's counsel replied, requesting a copy of the proposed amended complaint, which Dao Health promptly provided in draft form the following

6

███████████████████████████████████████████

day. *Id.* at 7-8. The draft included the added claim for equitable injunctive relief, claim for joint direct infringement, and additional facts supporting willful infringement.

Around the same time, ████████████████████████████████████████ ███████. *See id.* at 6. On November 11, Momcozy's counsel stated it would oppose the motion to amend, but also requested that "Dao hold off on filing its proposed Amended Complaint to ████████████████████████████████████████████████████████████████████ *Id.* Dao Health obliged, agreeing to temporarily defer filing this motion to allow ███████ ██████████████. *Id.* at 1, 4. ████████████████████████████ ██████████████████████ and Dao Health proceeded with this motion to amend.

## I. LEGAL STANDARD

Motions to amend a complaint are governed by Fed. R. Civ. P. 15(a)(2), which provides that amendment is permitted "with the opposing party's written consent or the court's leave." Under this Rule, leave to amend should be "freely give[n] … when justice so requires." *Id.* "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted).

This Court routinely grants leave to amend pleadings where a party discovers new evidence or claims during discovery and after the initial pleading was filed. *See* Dkt. 83; *Trustees of Chicago Reg'l Council v. Drive Constr., Inc.,* 2023 WL 22141, at *3 (N.D. Ill. Jan. 3, 2023); *Daniel v. PNC*

*Bank*, 2020 WL 13609940, at *1 (N.D. Ill. Feb. 10, 2020); *McMaken v. GreatBanc Tr. Co.*, 2019 WL 10891860, at *2 (N.D. Ill. Dec. 27, 2019); *United States ex rel. Graziosi v. Accretive Health, Inc.*, 2018 WL 4503366, at *8 (N.D. Ill. Sept. 20, 2018); *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016); *Luckett v. Conlan*, 561 F. Supp. 2d 970, 977 (N.D. Ill. 2008).

## II. ARGUMENT

### A. Dao Health Could Not Have Reasonably Sought Leave to Amend Sooner.

***First*, with respect to amending the TAC to add a claim for equitable relief,** the discovery of ▮ new infringing breast pump devices necessitates adding these claims. In October 2024, Dao Health discovered that Momcozy will be launching ▮▮▮▮▮. *See, e.g.*, Ex. 3-6. Additionally, Dao Health learned last month through public sources that Momcozy has launched two additional infringing breast pump devices: the V1 Pro and V2 Pro. Momcozy failed to disclose all eleven devices in response to Dao Health's written discovery requests, despite their undeniable relevance and substantial similarity to the accused products. This omission underscores the need for equitable relief, as outlined below. Momcozy's "whack-a-mole" strategy—constantly introducing new infringing devices that "pop up" in merely rebranded or slightly altered forms—renders effective patent enforcement a futile game of chase. This deliberate tactic makes effective patent enforcement against Momcozy's products impractical and guarantees unnecessary delays, further compounding the harm to Dao Health.

The timeline of events demonstrates that Dao Health could not have sought leave to amend sooner. Momcozy failed to disclose the eleven new devices during discovery. Dao Health only discovered them in October and November 2024, either buried in Chinese-language produced after the August 29 substantial document production deadline or through public sources. Dao Health

8

██████████████████████████████████████████

promptly notified Momcozy of its intent to amend on October 30, and shared a draft Fourth Amended Complaint on November 8. *See* Ex. 15 at 7-10. On November 11, Momcozy's counsel specifically requested that "Dao hold off on filing its proposed Amended Complaint to ████ ████████████████████████████████████████████████████████████████." *Id.* at 6. ████ ████████████████████████████████████████████████████████████████, Dao Health immediately proceeded with this motion. Thus, Momcozy cannot reasonably attribute the timing of this motion to any delay on Dao Health's part. *Cf. Synopsys, Inc. v. ATopTech, Inc,* 2016 WL 6610344, at *4 (N.D. Cal. Nov. 9, 2016) ("To the extent that allowing Synopsys to amend[] its infringement contentions may result in prejudice to AtopTech, such prejudice is not 'undue,' as ATopTech has played a significant role in creating that result.").

Dao Health has acted with diligence by raising its intent to amend promptly after discovering new evidence, refraining from burdening the Court while ████████████████ ████████████████████████████████████████████████.

***Second*, with respect to moving for leave to add claims of joint infringement,** Dao Health recently uncovered that Momcozy, despite its repeated denials, ████████████████ ██████████████████████████████████████████████████████████. *See* Ex. 6, 8-13. Documents show that ██████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████. Moreover, Momcozy services these products as U.S. customers seeking warranty support for Paruu products are redirected to Momcozy's warranty website. Ex. 14. This newly uncovered evidence—also largely buried in untranslated Chinese-language documents produced on the substantial production deadline— confirms that Momcozy is not a passive entity but is instead actively engaged in joint direct

9

██████████████████████████████████████████

infringement. *See Luckett*, 561 F. Supp. 2d at 976 ("Good cause exists to amend complaints when it is reasonable that new claims are only recognized after filing an initial complaint.").

Further, Momcozy's failure to substantively oppose Dao Health's prior motion to amend regarding these devices (*see* Dkt. 83: "Defendant does not actually oppose Plaintiff's request to amend and supplement") undermines its current claim of non-involvement and exposes its shifting tactics. Recognizing the importance of this newly uncovered evidence, Dao Health acted diligently by notifying Momcozy of its intent to amend, providing a draft Fourth Amended Complaint, and filing this motion promptly after settlement talks broke down. The relevance and timeliness of Dao Health's amendments is clear.

***Third*, with respect to the motion for leave to add facts supporting willfulness**, Momcozy disclosed on September 9, 2024 that it possesses a document dated ███████—which is nearly ██████ before this lawsuit and ██████ before the launch of ██████ accused devices—that specifically references ██████████████████████████████ ██████████. Ex. 7 at 10. This document provides direct evidence of Momcozy's knowledge of the patents and supports Dao Health's claims of pre-suit willful infringement. Dao Health acted diligently by notifying Momcozy of its intent to amend within two months of uncovering this critical evidence.

Courts consistently grant leave to amend under similar circumstances where a plaintiff diligently seeks leave after uncovering relevant information during discovery. *See McDaniel*, 317 F.R.D. at 77 (finding diligence when amendment occurred **six months** after new evidence was produced); *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 WL 574871, at *2 (E.D. Tex. Jan. 26, 2018) (finding diligence where plaintiff sought leave to amend **three months** after new evidence was discovered); *cf. DCG Systems v. Checkpoint Technologies, LLC*, 2012 WL 1309161, at *3

(N.D. Cal. Apr. 16, 2012) (bulk of leave to amend denials occur because patentee "unreasonably delayed amending the infringement contentions—five months to one year—or there were errors or omissions that patentee's counsel admitted was his own oversight").

### B. Amendment Will Not Cause Prejudice or Delay

Momcozy cannot show prejudice resulting from the proposed amendment. **First, *with respect to the claim for equitable relief,*** Dao Health's proposed amendment does not introduce new patents, claims, or accused devices, which means Momcozy would not be required to reassess its invalidity or claim construction positions. Indeed, the underlying issue—whether the Momcozy-, Paruu-, and PiBur-branded wearable breast pumps infringe Dao Health's patents—remains unchanged.

Moreover, the facts and legal theories relevant to the infringement claims already encompass considerations related to injunctive relief, such as irreparable harm and inadequate remedies at law, and permanent injunctions are a standard remedy in patent infringement cases and are contemplated under 35 U.S.C. § 283. Thus, seeking this relief does not introduce a novel or unexpected element into the case. Indeed, courts recognize that parties may seek equitable relief, including a permanent injunction, through an amended complaint, and that such relief may be granted regardless of whether it was explicitly demanded in the original pleadings.. *See Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.*, 90 F. App'x 543 (Fed. Cir. 2004) ("[Patentee] sought a permanent injunction in its amended complaint. Moreover, as the district court noted, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure 'every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.'"); *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 2011 WL 5878365, *6-*7 (E.D. Va. 2011) ("Even if the Court assumes,

11

████████████████████████████████████████

arguendo, that ActiveVideo's alleged delay and failure to seek a preliminary injunction favored Verizon, the Court still finds that in considering all the facts of this case, as they relate to the irreparable harm factor of the *eBay* test, ActiveVideo has suffered irreparable harm.").

***Second*, with respect to the joint infringement claims,** this proposed amendment too does not introduce new patents, claims, or accused devices. Indeed, Dao Health has already pled contributory and induced infringement, and joint infringement overlaps significantly with these existing claims both in terms of legal theory and the evidence already being developed. Joint direct infringement is also a commonly pled theory in patent cases involving multiple actors, particularly where the defendant exercises direction or control over third-party entities, ███████████ ████████████████████████████████. Given the nature of the allegations and the evidence within Momcozy's control, Momcozy should have reasonably anticipated the possibility of a joint direct infringement claim.

***Third*, with respect to the additional facts supporting willfulness**, this amendment merely seeks to supplement Dao Health's existing willfulness claim with additional factual detail. Momcozy was already on notice of the willfulness claim and should be fully aware of the evidence in its possession that supports this claim. Adding factual detail does not alter the scope of the claim but ensures that the Court can adjudicate the issue with the benefit of a complete factual record.

For all three of these proposed amendments, Dao Health notified Momcozy of its anticipated motion for leave to amend **two months** before the close of fact discovery and **three months** before the *Markman* hearing and well in advance of any expert discovery. The parties have not even began conducting depositions. Numerous cases have found no prejudice at even later stages in a case. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 2023 WL 112559, at *5 (N.D. Ill. Jan. 5, 2023) (allowing amendment to accuse new devices ***after the close of fact***

*discovery*, finding "the proposed amendments would not seriously disrupt the timeline for the completion of this litigation"); *Motion Games, LLC v. Nintendo Co.*, 2015 WL 1774448, at *3 (E.D. Tex. Apr. 16, 2015) (finding that defendants were not unfairly prejudiced even where the proposed amendment were served **after *Markman***); *Intell. Ventures II LLC v. FedEx Corp.*, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (finding no prejudice even though defendants had filed two IPR petitions, exchanged claim construction briefs, and developed noninfringement positions, where "discovery has not closed and the exchange of expert reports is still months away"); *Harris Corp. v. Huawei Device USA, Inc.*, WL 4247067, at *4 (E.D. Tex. Sept. 6, 2019) (finding "little, if any, prejudice" to defendants in granting leave because "the Markman hearing has not occurred, discovery has not been completed, and the deadline for disclosing experts has not passed"); *Automotive Data Sols. v. Directed Electronics Canada, Inc.*, 2019 WL 4565170, at 2 (C.D. Cal. Aug. 9, 2019) (finding no undue prejudice where leave was sought "two weeks after the fact discovery deadline and one week before the deadline for opening expert reports").

In fact, with respect to Dao Health's request to add a claim for equitable injunctive relief, this proposed amendment is specifically designed to *prevent* further delays to the case. ▮ of the new devices are not yet publicly available and for which Dao Health requires additional discovery. Furthermore, each of these new products would necessitate supplemental infringement and non-infringement contentions from both parties, further extending the timeline. Notably, Dao Health has already amended its complaint **three times** to add previously undisclosed infringing devices, resulting in a **four-month** extension of the case schedule. Pursuing yet another amendment to specifically accuse these devices would only impose additional undue delay and further complicate the litigation process.

13

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Dao Health is not without recourse against Momcozy's ongoing, willful infringement. Equitable relief is essential to counter Momcozy's "whack-a-mole" strategy of launching new products that are nearly identical to—or not more than colorably different from—the already accused devices. Momcozy's tactic is a blatant attempt to stall the case and force Dao Health into an endless cycle of amending its complaint, supplement its infringement contentions, and extending fact discovery. An injunction would address infringement by these ▓▓▓ devices, as well as any future devices Momcozy introduces that are substantially similar, preventing further irreparable harm to Dao Health—harm that cannot be remedied by monetary damages alone. *See* Ex. 1 ¶ 54; *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011). Adding a claim for equitable relief thus addresses Momcozy's ongoing infringement and entitles Dao Health to a speedy resolution of its infringement claims, stopping further harm without the need for constant amendment of the pleadings and continuously extending fact discovery.

Furthermore, Momcozy cannot credibly claim prejudice from a delay of its own making. Despite repeated requests, Momcozy has consistently refused to disclose or produce discovery related to its not-yet-accused breast pump devices. Dao Health's proposed amendment is based on documents that Momcozy delayed producing for at least eight months after discovery began—most of which were provided only after the substantial document production deadline had passed. Moreover, Dao Health informed Momcozy of its intent to amend on October 30, 2024, and it was Momcozy's counsel who requested that Dao Health delay filing its motion ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Ex. 15 at 6. Any alleged prejudice from the timing of this motion rests squarely on Momcozy's shoulders. *See Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, 2019 WL 11585349, at *4 (E.D. Tex. Apr. 24, 2019); *Bd. of Trustees v. Roche Molecular Sys., Inc.*, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4, 2008); *ATopTech*, 2016 WL 6610344, at *4;

14

*Mondis Tech., Ltd. v. LG Elecs., Inc*., 2011 WL 2149925, at *2 (E.D. Tex. May 5, 2011) ("[T]o the extent TPV is prejudiced at all by this late amendment, this prejudice was caused by TPV's failure to perform its discovery obligations in a reasonable manner.").

Finally, to the extent the Court believes amendment may cause prejudice—which Dao Health does not—the parties have already stipulated to an additional two-months extension of fact discovery to March 10, 2025. *See* Dkt. 120. This agreed extension should cure any prejudice Momcozy claims. Indeed, this Court has already recognized that adjustments to the discovery schedule can accommodate amendments without undue harm to either party. *See* Dkt. 83.

### C.     **Allowing Amendment Promotes Judicial Efficiency**.

If the Court denies leave here, Dao Health must file and manage a separate lawsuit against Momcozy related to its acts of joint direct infringement and the new Momcozy and Paruu-branded devices. Such a result would burden the Court with multiple, piecemeal litigation—not withstanding their ability to be consolidated—and prolong final determination as to the scope of Momcozy's infringement. By addressing all potentially infringing Momcozy devices—and all acts of infringement—in one case, the Court can streamline the legal proceedings, reduce duplicative discovery and motions, and ensure a more coherent and efficient adjudication process that benefits all parties and the Court. *See, e.g., TiVo, Inc. v. Verizon Commc'ns, Inc*., 2012 WL 2036313, at *2 (E.D. Tex. June 6, 2012) ("Considerations of judicial economy weigh heavily in favor of allowing [plaintiff's] amendment.").

### III.    CONCLUSION

For the reasons above, Dao Health respectfully requests that the Court grant it leave to file the proposed FAC attached as Exhibit 1.

████████████████████████████

Dated: January 6, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Tanner Laiche
　　　　　　　　　　　　　　　　　　　　　　Meng Xi
　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24132850
　　　　　　　　　　　　　　　　　　　　　　　　mxi@susmangodfrey.com
　　　　　　　　　　　　　　　　　　　　　　Shawn Blackburn
　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24089989
　　　　　　　　　　　　　　　　　　　　　　　　sblackburn@susmangodfrey.com
　　　　　　　　　　　　　　　　　　　　　　Samuel Drezdzon
　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24117374
　　　　　　　　　　　　　　　　　　　　　　　　sdrezdzon@susmangodfrey.com

　　　　　　　　　　　　　　　　　　　　　　**SUSMAN GODFREY LLP**
　　　　　　　　　　　　　　　　　　　　　　1000 Louisiana Street, Suite 5100
　　　　　　　　　　　　　　　　　　　　　　Houston, TX 77002
　　　　　　　　　　　　　　　　　　　　　　Telephone: (713) 651-9366
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (713) 654-6666

　　　　　　　　　　　　　　　　　　　　　　Tanner Laiche
　　　　　　　　　　　　　　　　　　　　　　　　Washington State Bar No. 60450
　　　　　　　　　　　　　　　　　　　　　　　　tlaiche@susmangodfrey.com
　　　　　　　　　　　　　　　　　　　　　　**SUSMAN GODFREY LLP**
　　　　　　　　　　　　　　　　　　　　　　401 Union Street, Suite 3000
　　　　　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　　　　　Telephone: (206) 505-3816
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (206) 516-3883

　　　　　　　　　　　　　　　　　　　　　　Howard B. Rockman
　　　　　　　　　　　　　　　　　　　　　　　　Illinois ARDC No. 2361051
　　　　　　　　　　　　　　　　　　　　　　　　rockman@rvoiplaw.com
　　　　　　　　　　　　　　　　　　　　　　**ROCKMAN, VIDEBECK & O'CONNOR, LLC**
　　　　　　　　　　　　　　　　　　　　　　　　1s376 Summit Ave., Court C
　　　　　　　　　　　　　　　　　　　　　　　　Oakbrook Terrace, Illinois 60181
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (630) 627-4552
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (630) 627-2145

　　　　　　　　　　　　　　　　　　　　　　Yanling Jiang
　　　　　　　　　　　　　　　　　　　　　　　　Illinois ARDC No. 6309336
　　　　　　　　　　　　　　　　　　　　　　　　yanling@jiangip.com
　　　　　　　　　　　　　　　　　　　　　　Yi Bu
　　　　　　　　　　　　　　　　　　　　　　　　Illinois ARDC No.
　　　　　　　　　　　　　　　　　　　　　　**JIANGIP LLC**
　　　　　　　　　　　　　　　　　　　　　　　　33 West Jackson Blvd.
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60604

███████████████████████████

Telephone: (630) 733-9483

***Attorneys for Plaintiff Dao Health***

RESTRICTED DOCUMENT PURSUANT TO LOCAL RULE 26.2

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 6, 2025, the foregoing document was filed electronically in compliance with Local Rule 5.9(a), which will provide notice of the same to all counsel of record.

*/s/ Tanner Laiche*
Tanner Laiche

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies pursuant to the Local Rules and Judge Durkin's Case Procedures, the parties met and conferred and this motion is opposed.

*/s/ Tanner Laiche*
Tanner Laiche