UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAO HEALTH, | |
| Plaintiff, | No. 23 C 4885 |
| v. | Judge Thomas M. Durkin |
| SHENZHEN LUTEJIACHENG TECHNOLOGY CO., LTD., | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Defendant Shenzhen Lutejiacheng Technology Co., Ltd., moves the Court to amend its answer to include two claims of inequitable conduct against Plaintiff Dao Health. Dao Health opposes the amendments for several reasons, including that the proposed counterclaims are futile. *See Wickstrom v. Air Line Pilots Ass'n, Int'l*, 156 F.4th 835, 841 (7th Cir. 2025) ("[A] district court [may deny] a motion for leave to amend as futile [if] the proposed amended complaint would fail to state a claim."). For the following reasons, the Court agrees that the proposed counterclaims are futile and therefore denies Shenzhen's motion to amend.

Shenzhen makes allegations of inequitable conduct regarding: (1) the prosecutions of the '915 and '772 patents, which were issued in 2009 and 2012 respectively; and (2) prosecution of the '646 patent, which was issued in 2014. Regarding the '915 and '772 patents, Shenzhen alleges that the inventors and/or their counsel "intentionally deceived" the Patent Office "by omitting . . . David Paul and Benjamin Sutton as inventors of the '915 and '772 patents." R. 193-3 at 47 (¶ 47).

Shenzhen also alleges that the patents "should not have issued without the correct inventors." *Id.* (¶ 49). Notably, Shenzhen does *not* allege that the patent *would not* have issued with the *correct* inventors.

Regarding the '646 patent, Shenzhen alleges that the inventors and/or their counsel "intentionally deceived" the Patent Office "by submitting a false certification in 2014 that they had not known of the '915 and ['772] patents more than three months prior to filing the certification." *See* R. 193 at 1. Shenzhen also alleges that the incorrect certification was "material to the prosecution of the '646 patent." R. 193-3 at 50 (¶ 62). Notably, similar to the allegations regarding the prosecution of the '915 and '722 patents, Shenzhen does *not* allege that the 646 patent *would not* have issued with the *correct* certification.

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011).[1] "To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287. In other words, the accused infringer must ultimately "prove by clear and convincing

---

[1] In *Therasense*, the Federal Circuit "tightened" the standards for an inequitable conduct claim "in order to redirect a doctrine that [had] been overused to the detriment of the public." *Id.* at 1291. The previous lower standard permitted the claim to "become a significant litigation strategy," which shifted the focus of an infringement case "to the moral turpitude of the patentee with ruinous consequences for the reputation of his patent attorney, [which also] discourages settlement and deflects attention from the merits of validity and infringement issues." *Id.* at 1288.

evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at 1290.

The "materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. For instance, "in assessing the materiality of a withheld reference [of prior art], the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference." *Id.* Generally, "if a claim is properly invalidated in district court based on the deliberately withheld reference [of prior art], then that reference is necessarily material because a finding of invalidity in a district court requires clear and convincing evidence, a higher evidentiary burden than that used in prosecution at the PTO." *Id.* at 1292. Ultimately, "this doctrine should only be applied in instances where the patentee's misconduct resulted in the unfair benefit of receiving an unwarranted claim." *Id.* This is because "the patentee obtains no advantage from misconduct if the patent would have issued anyway." *Id.*

Shenzhen does not claim that the alleged misconduct is what caused the patents to issue in either case. In other words, Shenzhen does not allege that patents '915 and '772 issued *because* Dao Health allegedly failed to disclose the two additional inventors; and Shenzhen does not allege that patent '646 issued *because* Dao Health allegedly failed to properly certify the existence of the previous patents. Shenzhen makes no allegation about how this omitted information would have changed the outcome of the prosecution process such that the patents would not have issued. Without such allegations, Shezhen has not plausibly alleged materiality, which

3

makes its proposed amendments are futile. *See Wickstrom*, 156 F.4th 835, 841 (a proposed amendment must plausibly "state a claim," otherwise it is "futile" and should be denied).

Rather than focus on whether the alleged omissions would have been material to issuance of the patents, Shenzhen emphasizes Dao Health's alleged pecuniary interest in omitting the additional inventors and improperly correcting certification of the prior patents. In both instances, Shenzhen contends that Dao Health's inventors benefited monetarily from decreasing the number of inventors who could claim profits from patents '915 and '772, and from increasing the speed to issuance of patent '646.

But while these contentions demonstrate that the omissions were important to Dao Health, they do not demonstrate materiality to the patent examiner. As an initial matter, Shenzhen cites no binding authority that either type of information is material to the issuance of a patent. This is likely because it is difficult to imagine how such omissions caused the patents to issue. Shenzhen does not and cannot contend that the patent examiners were unaware of either (1) the involvement of the people Shenzhen alleges were also inventors in the '915 and '772 patents, or (2) the existence of the '915 and '722 patents during prosecution of the '646 patent. Shenzhen's allegations amount to the claim that this information was improperly presented to the patent examiners. But as the Federal Circuit has explained, the purpose of an inequitable conduct claim is not to penalize mistakes or genuine disagreements about relevance. *See, generally, Therasense*, 649 F.3d 1276. Rather,

4

the question is whether the alleged conduct "resulted in the unfair benefit of receiving an unwarranted claim." *Id.* at 1292. Shenzhen does not allege that is what occurred here. And even if Shenzhen has made such an allegation, Shenzhen has not cited any authority that would support an argument that such an allegation would be plausible in these circumstances.

Ultimately, Shenzhen argues that it is not required to allege "but-for" materiality because its claims fall into the exception for "affirmative acts of egregious misconduct." *See Therasense*, 649 F.3d at 1293. But this exception is limited to "extraordinary circumstances," generally involving manufacture of evidence, perjury, or bribery, coupled with suppression of evidence. *See id.* Shenzhen makes nothing even close to such allegations here. So, Shenzhen's reliance on the exception for "egregious conduct" is not well taken.

## Conclusion

Therefore, Shenzhen's proposed amendments fail to state plausible claims, and its motion to amend [193] is denied as futile.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 2, 2025