**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAO HEALTH,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN LUTEJIACHENG TECHNOLOGY CO., LTD.,<br><br>Defendant. | Civil Action No. 1:23-cv-04885<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Beth W. Jantz<br>Special Master Maura R. Grossman<br><br>**JURY TRIAL DEMANDED** |

**MINUTES OF THE AUGUST 7, 2026 HEARING BEFORE THE SPECIAL MASTER**

Pursuant to the Court's Order Appointing Special Master (Dkt. 246), Special Master Maura R. Grossman conducted a web conference commencing at 1:00 PM Central Time on August 7, 2026 (hereinafter, "Hearing"), to resolve Defendant Shenzhen Lutejiacheng Tech. Co., Ltd. ("Momcozy")'s Omnibus Motion to Compel Dao Health ("Dao Health") to Produce ESI Discovery and Related Depositions, Issues 1 and 10 identified in the Parties' Joint Status Report (Dkt. 254) ("Momcozy's Motion").

These Minutes were prepared and agreed to by the parties to summarize the proceedings of the Hearing.

## I. ATTENDEES

In addition to Special Master Grossman, the following individuals were present on behalf of the parties during the Hearing:

- **For Plaintiff Dao Health:** Ms. Meng Xi and Mr. Tanner Laiche, both of Susman Godfrey LLP.
- **For Defendant Momcozy:** Ms. Kelly Del Dotto, Ms. Yun Dong, and Mr. David Barkan, all of Fish & Richardson.

## II. MINUTES OF PROCEEDINGS

### A. Brief Section III.A: Concerning the Hit Counts of Momcozy's ESI Search Terms for Three of Dao Health's Custodians

1. Momocozy argued that Momcozy's Fifth Amended Set of ESI Search Requests, served in December 2025, sought information relevant to key issues in the case, including inventorship, conception, reduction to practice, invalidity, infringement, as well as Dao Health's damages theories. Dao Health argued that the terms as currently worded were overbroad and not individually targeted to particular issues in the case, creating an undue burden of reviewing and producing over 100,000 documents in addition to the productions Dao Health has already made to date. The parties agreed to work cooperatively to further narrow the search terms to achieve a set of 50,000 documents for review and production, inclusive of documents that hit on the search terms and their family members, across all three custodians.

2. Special Master Grossman **ordered** that Momocozy will provide its narrowed search terms within two days of receiving a hit-count report. Within two days of receiving narrowed search terms, Dao Health will provide an updated hit-count report. Once the hit counts inclusive of family members across all three custodians is equal to or less than 50,000 documents, Dao Health will review and produce the documents to Momczoy on a rolling basis. Once final terms are received and Dao Health begins its review, it will provide an update to Momcozy and the Special Master on the anticipated timeline for completing the production, with the goal of completing the production as expeditiously as possibly and ideally, within six weeks of the finalization of the search terms.

### B. Brief Section III.B: Re-Opening of Depositions of Mr. Garbez, Dr. Dao, and Dao's 30(b)(6) Designee

1. Momcozy argued that Dao Health's late production of over 8,000 documents months after the depositions of Dao Health's witnesses prejudiced Momczoy's ability to seek relevant

testimony. Dao Health argued that Momcozy waived its ability to seek re-opening of these depositions by failing to raise this issue with the Court in the October 2025 omnibus motions concerning all deposition-related matters; by failing to identify any deficiency in the testimony already obtained that would warrant reopening the depositions; by failing to identify a single specific document within the production and explaining why it necessitated reopening any deposition; by unreasonably refusing to narrow its ESI search terms for more than one year, predictably causing the "delayed" document production; and noted that Momcozy itself had produced more than 50,000 documents after the close of fact discovery but that Dao Health would reserve its rights to seek additional deposition time if Momcozy were to obtain additional deposition time. Momcozy responded that it timely filed a Motion to Compel Dao to produce all of the ESI discovery from the identified custodians that hit on Momcozy's proposed search terms in November 2024, and that motion remained pending until September 17, 2025, therefore, there was no "delay" in negotiating search terms as Momcozy awaited the Court's decision. Momcozy responded that when the Court denied Momcozy's motion in September 2025, it did so without prejudice and ordered the parties to continue to meet and confer. Momcozy further responded that it complied with the Court's order and continued to work with Dao on the search terms for its ESI custodians. Momcozy argued that it could not file a "placeholder" motion in October 2025 to proactively try to re-open Dao depositions based on documents that had not yet been produced as the Court had previously cautioned the parties against filing such placeholder motions.

2. Special Master Grossman **ordered** that if Momcozy still seeks to re-open the depositions of Mr. Garbez, Dr. Dao, and/or Dao Health's 30(b)(6) designee, it must:

a. Within four weeks of Dao Health's completion of its email production described above in Section II.A, file a letter brief renewing its request. In its brief, Momcozy must make a concrete, document-specific showing of good cause, explaining why one or more specific documents from the new productions (either the ~8,000 documents produced after the Dao Health depositions or the ~50,000 newly produced emails) raises a genuinely new issue that could not have been or was not raised in the previous depositions and that it would be unfair and prejudicial to Momcozy if it had no opportunity to question a witness about the issue raised in the newly produced documents.

b. Dao Health will have two weeks to respond to Momcozy's letter brief.

**G. Schedule for Circulation of Minutes**

Special Master Grossman directed Momcozy to send the first draft of the minutes to Dao Health by August 12, 2026; Dao Health to return any comments or redline edits by August 17, 2026; and the parties to submit the minutes to the Special Master by August 20, 2026, with comments or redlines as necessary for the Special Master's final review.

Respectfully submitted,

By: */s/ Meng Xi*
Meng Xi
mxi@susmangodfrey.com
Shawn Blackburn
sblackburn@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana Street
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Tanner Laiche
Washington State Bar No. 60450

By: */s/ Kelly A. Del Dotto*
Jory M. Hoffman
Illinois Bar No. 6313054
jmhoffman@fr.com
**FISH & RICHARDSON P.C.**
150 N. Riverside Plaza, Suite 2820
Chicago, IL 60606
(312) 278-2700 (Telephone)
(312) 873-4603 (Facsimile)

Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com

tlaiche@susmangodfrey.com
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 505-3816
Facsimile: (206) 516-3883

Howard B. Rockman
Illinois ARDC #2361051
ROCKMAN, VIDEBECK & O'CONNOR
1s376 Summit Avenue, Court C
Oakbrook Terrace, IL 60181
Ph. 630-627-4552
Email: rockman@rvoiplaw.com

Yanling Jiang
Illinois ARDC #6309336
JiangIP
33 West Jackson Blvd.
Chicago, IL 60604
Ph. 630-733-9483
Email: yanling@jiangip.com

*Attorneys for Plaintiff Dao Health*

Matthew A. Colvin
Texas Bar No. 24087331
colvin@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

David Barkan
California Bar No. 160825
barkan@fr.com
Xiangjiu Wu
California Bar No. 363503
xwu@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
(650) 839-5070 (Telephone)
(650) 839-5071 (Facsimile)

Kelly Del Dotto
Delaware Bar No. 5969
allenspach.del.dotto@fr.com
Vidhu B. Joshi
Delaware Bar No. 7608
joshi@fr.com
**FISH & RICHARDSON P.C.**
222 Delaware Avenue, Suite 1700
Wilmington, DE 19801
(302) 652-5070 (Telephone)
(302) 652-0607 (Facsimile)

Philip K. Chen
Massachusetts Bar No. 703289
pchen@fr.com
**FISH & RICHARDSON P.C**.
One Marina Park Drive, Suite 1700
Boston, MA 02210
(617) 542-5070 (Telephone)
(617) 542-8906 (Facsimile)

Yun Dong
California Bar No. 346210
dong@fr.com
**FISH & RICHARDSON P.C.**

12860 El Camino Real, Suite 400
San Diego, CA 92130
(858) 678-5070 (Telephone)
(858) 678-5099 (Facsimile)

Timothy C. Bickham
Washington, D.C. Bar No. 456414
timothy@bickhampartners.com
**BICKHAM PARTNERS LLC**
818 18th Street, NW
Suite 810 - 1041
Washington, D.C. 20006
(202) 468-9175 (Telephone)

*Attorneys for Defendant*
*Shenzhen Lutejiacheng Technology Co., Ltd.*

**SO ORDERED, THIS 21ST DAY OF AUGUST, 2026**

Maura R. Grossman Digitally signed by Maura R. Grossman
DN: cn=Maura R. Grossman, o=University of Waterloo, ou=David R. Cheriton School of Computer Science, email=maura.grossman@uwaterloo.ca, c=CA
Date: 2026.08.21 16:22:22 -04'00'

Special Master Maura R. Grossman